# LEVIN & GLASSER, P.C.
420 LEXINGTON AVENUE
NEW YORK, NEW YORK 10170
(212) 867-3636
FACSIMILE (212) 661-2446

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/08

STEVEN I. LEVIN
DAVID G. GLASSER
PAUL G. BURNS
DAVID J. NATHAN
VICTOR COHEN
ROSEMARY E. BOLLER
———
STEPHEN C. GREENE

OF COUNSEL
WILLIAM H. GREILSHEIMER
SHARON E. JAFFE

**MEMO ENDORSED**

February 28, 2008

**BY HAND**
Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, New York 10007-1312

*[Handwritten endorsement:]* Premotion conference waived. Motion to be filed by March 21, answering papers to be filed by April 18, and reply, if any, by May 2. SO ORDERED. [signature] USDJ 2-29-08

Re: David Gordon and Jacqueline Swiskey v. Brian Palumbo, et al.,
　　Case No. 07 CV 6624 (PKC)

Dear Judge Castel:

We represent Defendants Brian Palumbo, Niles Welikson, Horing Welikson & Rosen, P.C., Carole A. Feil, Jeffrey Feil, Carole A. Feil and Jeffrey Feil, as Executors of the Estate of Louis Feil, Carole A. Feil and Jeffrey Feil, d/b/a Clermont York Associates and Broadway Management Corporation, Andrew Ratner, Vivian Touliatos, Abe Rill, Jose Antonio Ruiz, Carlos Guevara, Jay Anderson, Jay Anderson as Trustee of the Feil Foundation, Alan Rosenbloom, and Nicole L. Goz. We respectfully request the scheduling of a pre-motion conference in accordance with Your Honor's Individual Practice 2(A)(1) in anticipation of a motion to dismiss the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiffs David Gordon and Jacqueline Swiskey bring this action, *pro se*, against 26 defendants seeking damages of $2.9 billion and alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, the Fair Housing Act (Title VIII of the Civil Rights Act of 1968), as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3601, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as well as allegedly related state law claims. The Defendants include 16 persons and entities who are allegedly affiliated with Plaintiffs' landlord, as well as former and present neighbors and two insurance companies.

Plaintiffs commenced this action on July 23, 2007. Plaintiffs never served the original complaint. Plaintiffs filed an amended complaint on October 22, 2007 (the "Amended Complaint") and simultaneously filed an order to show cause to enjoin a state law proceeding commenced by Plaintiffs' landlord. This Court denied the order to show cause on October 24, 2007 "[b]ecause of the obvious problems with the nature of relief sought, doubt as to subject

Hon. P. Kevin Castel
February 28, 2008
Page 2

matter jurisdiction and the absence of service on any defendant." Plaintiffs served the Amended Complaint upon Defendants on or about February 15, 2008.

The Amended Complaint, including exhibits, exceeds 50 pages in length and purports to describe events arising in one form or another from Plaintiffs' tenancy. We respectfully submit that the Amended Complaint does not state a claim, and fails to plead with the required clarity and specificity required by Fed.R.Civ.P. 8(a) and 9(b). We are mindful that on a motion to dismiss this Court must accept all factual allegations as true and draw all inferences in favor of plaintiffs and of the Court's obligation to construe *pro se* pleadings liberally. See Hollander v. Flash Dancers Topless Club, 340 F. Supp.2d 453, 458 (S.D.N.Y. 2004). Even against this heightened standard, the Amended Complaint fails as a matter of law.

I. Summary of Allegations

The wrongful activities and conditions complained of by Plaintiffs include stomping and dribbling of basketballs on the floor of the upstairs apartment, banging on the walls of the adjacent apartment, verbal assaults by upstairs neighbors, failure by the landlord to make certain repairs, dumping of waste water on the roof, misinformation regarding the source of mice and leaks in the building, failure of the landlord to pay for damage caused by leaks, and assaulting Plaintiffs' car.

II. Plaintiffs' Amended Complaint Does Not Comply With Fed.R.Civ.P. 8(a)

Plaintiffs state that their claims are based on RICO, FHAA and ADA. Yet, as this Court noted in its October 24, 2007 Order, "[t]he nexus between the facts alleged and the federal statutes is not apparent. Moreover, the Amended Complaint does not comply with Rule 8(a), Fed.R.Civ.P." Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must contain enough facts to give the defendants fair notice of the complaint's claim and the grounds for those claims. See Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338, 343-44 (2d Cir. 2006). Plaintiffs' allegations fall far short. Indeed, certain paragraphs of the Amended Complaint span multiple pages and appear to state alleged facts that have no obvious connection to one another. Moreover, it is unclear what each Defendant allegedly did or failed to do and which Defendants are subject to the respective causes of action pled in the Amended Complaint.

III. Notwithstanding a Less Stringent Pleading
     Standard, Plaintiffs' Claims are Legally Insufficient

A dismissal pursuant to Fed.R.Civ.P. 12(b)(6) is warranted where the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Plaintiffs must do more than merely incant labels, conclusions, and the formulaic elements of a cause of action – plaintiffs must show allegations "possess enough heft" to establish entitlement to relief. 127 S.Ct. at 1964-65. Pleadings filed by *pro se* litigants are held to a less stringent standard than

Hon. P. Kevin Castel
February 28, 2008
Page 3

those prepared by attorneys. See Pandozy v. Segan, 518 F. Supp.2d 550, 554 (S.D.N.Y. 2007). Nevertheless, "proceeding *pro se* does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure." Id.

IV. Plaintiffs Fail to Plead a Viable RICO Claim

Plaintiffs claim that the acts alleged in the Amended Complaint violate RICO. To state a civil claim under RICO a plaintiff must first demonstrate that he or she has standing to bring a RICO claim by alleging that he "has been injured in his business or property by the conduct constituting the RICO violation and only when his actual loss is clear and definite." Miller v. Carpinello, 2007 WL 4207282, *6 (S.D.N.Y. 2007) (internal citation omitted). Plaintiffs do not allege a clear and definite injury to their business or property. They do not allege that a purported violation of the RICO statute was the cause of such an injury. Thus, Plaintiffs lack standing to bring a RICO claim.

A plaintiff making a RICO claim must also plead that the defendants violated the substantive RICO statute, 18 U.S.C. § 1962. See Greene v. Hanover Direct, Inc., 2007 WL 4224372, * 4 (S.D.N.Y. 2007) (internal citation omitted). In order to satisfy that burden a plaintiff must plead the defendants' "(1) commission of two or more predicate acts (2) constituting a 'pattern' (3) of 'racketeering activity' (4) directly or indirectly investing in, or maintaining an interest in, or participating in (5) an enterprise, (6) the activities of which affect interstate or foreign commerce." Id. (internal citation omitted). Plaintiffs fail to meet this burden.

Plaintiffs include conclusory references to "mail fraud" and "wire fraud," presumably to satisfy the predicate acts required for a RICO claim. When the predicate act complained of is mail or wire fraud, the heightened pleading requirements of Fed.R.Civ.P. 9(b) are triggered. Rule 9(b) requires that a party alleging fraud "state with particularity the circumstances constituting fraud . . . ." If the plaintiff claims that the mail or wire transmissions "were themselves fraudulent, i.e., themselves contained false or misleading information, the complaint should specify the fraud involved, identify the parties responsible for the fraud, and where and when the fraud occurred." M'Baye v. New Jersey Sports Production, Inc., 2007 WL 431881, * 7 (S.D.N.Y. 2007) (internal quotation and citation omitted). Plaintiffs fail to comply with these requirements.

Plaintiffs' failure to adequately plead scienter, a necessary component of the predicate acts alleged, is also fatal to their claim under RICO. "Fraudulent intent is an element of mail and wire fraud and . . . the facts alleged in the complaint must give rise to a strong inference of such intent." Greene, 2007 WL 4224372 at *5. Scienter may be alleged by setting forth (1) facts demonstrating that the defendants had both motive and opportunity to commit the subject fraud; or (2) strong circumstantial evidence of conscious misbehavior or recklessness. See Ganino v. Citizens Utils. Co., 228 F.3d 154, 168-69 (2d Cir. 2000). Bare allegations of scienter are insufficient. Id.

Hon. P. Kevin Castel
February 28, 2008
Page 4

### V. Plaintiffs' FHAA and ADA Claims are Insufficient as a Matter of Law

Plaintiffs fail to state claims for violations of the FHAA or ADA. Other than their assertion that Plaintiff David Gordon is a disabled Vietnam Veteran, Plaintiffs do not even attempt to allege (and certainly do not adequately allege) any of the elements required to state a claim under either statute.

### VI. Plaintiffs' State Law Claims Should be Dismissed

Plaintiffs also appear to raise certain state law claims in conjunction with their federal claims. Because the federal claims alleged are insufficient as a matter of law, this Court should decline to exercise supplemental jurisdiction over any purported state law claims. See Hollander, 340 F. Supp.2d at 458. These allegations in any event fail to state a discernible claim and/or appear to be barred by applicable statutes of limitation.

Defendants respectfully request that Defendants' time to answer or move (which will expire as early as March 5, 2008) be extended until at least one week after this Court has granted or denied the request for a pre-motion conference. We thank the Court for its attention to this matter.

Respectfully submitted,

David J. Nathan

cc:  Mr. David Gordon, *pro se* (by Hand and Federal Express)
     Ms. Jacqueline Swiskey, *pro se* (by Hand and Federal Express)