UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID GORDON and JACQUELINE SWISKEY,

                Plaintiffs,

vs.

BRIAN PALUMBO, NILES WELIKSON, HORING
WELIKSON & ROSEN, P.C., CAROLE A. FEIL,
as Executors of the Estate of LOUIS FEIL, CAROLE A.
FEIL and JEFFREY FEIL, d/b/a CLERMONT YORK
ASSOCIATES and BROADWALL MANAGEMENT
CORPORATION, ANDREW RATTNER, VIVIAN
TOULIATOS, ABERILL, JOSE ANTONIO (a/k/a TONY)
RUIZ, CARLOS GUEVARA, CARL LIEBERMAN,
NANCY S. LIEBERMAN (a/k/a NANCY S. LITTMAN),
BRETT LIEBERMAN, JAY ANDERSON and JAY
ANDERSON, as Trustee of THE FEIL FOUNDATION,
ALAN ROSENBLOOM, NICOLE L. GOZ, BERNARD J.
GOZ, BELLA M. GOZ (a/k/a BELLA M. MEIKSON),
STANLEY KALLMANN, BRIAN J. BOLAN, GENNET
KALLMANN ANTIN & ROBINSON, P.C., AMERICAN
INTERNATIONAL GROUP and ATLANTIC MUTUAL
INSURANCE COMPANY,

                Defendants.

:
: Case Number: 07-CV-6624 (PKC)
:
: **DEFENDANTS STANLEY**
: **KALLMANN, BRIAN J.**
: **BOLAN, GENNET,**
: **KALLMANN ANTIN &**
: **ROBINSON, P.C., AND**
: **ATLANTIC MUTUAL**
: **INSURANCE COMPANY'S**
: **ANSWER TO AMENDED**
:  **COMPLAINT,**
   **AFFIRMATIVE**
**DEFENSES, DESIGNATION**
: **OF TRIAL COUNSEL AND**
: **ANSWER TO CROSS-CLAIM**
:
:
:
:
:
:

---

**[DOCUMENT ELECTRONICALLY FILED]**

    Defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company, as and for an answer to plaintiffs' amended complaint, sets forth the following:

## AS TO THE NATURE OF THE ACTION

Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the statements and/or allegations contained in that section of plaintiffs' complaint regarding entitled "NATURE OF THE ACTION" .   To the extent that this section of plaintiffs' complaint makes allegations against these answering defendants, same are denied.

## AS TO JURISDICTION AND VENUE

Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the statements and/or allegations contained in that section of plaintiffs' complaint entitled "JURISDICTION AND VENUE".   To the extent that this section of plaintiffs' complaint makes allegations against these answering defendants, same are denied.

## AS TO PARTIES AND ACTIVITIES

1.      Answering defendants deny paragraph "1".

## AS TO THE FIRST CAUSE OF ACTION

2.      Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the allegations contained in paragraph "2" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

3.      Paragraph "3" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of either the facts and the allegations contained in paragraph "3" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this

paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

4.      Paragraph "4" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "4" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

5.      Paragraph "5" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "5" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

6.      Paragraph "6" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "6" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is

alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

7.     Paragraph "7" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "7" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

8.     Paragraph "8" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "8" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

9.     Paragraph "9" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "9" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph

is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

10.     Paragraph "10" of the amended complaint does not assert a cause of action against these answering defendants. Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "10" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

11.     Paragraph "11" of the amended complaint does not assert a cause of action against these answering defendants. Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "11" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

12.     Paragraph "12" of the amended complaint does not assert a cause of action against these answering defendants. Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "12" of the

subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

13.     Paragraph "13" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "13" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

14.     Paragraph "14" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "14" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

15.     Paragraph "15" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a

belief as to the truth and accuracy of the facts and allegations contained in paragraph "15" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

16.    Paragraph "16" of the amended complaint does not assert a cause of action against these answering defendants. Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "16" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

17.    Paragraph "17" of the amended complaint does not assert a cause of action against these answering defendants. Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "17" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

18.    Paragraph "18" of the plaintiffs' amended complaint is a photocopy of a letter and

does not assert a cause of action against these answering defendants. To the extent paragraph "18" is alleged to constitute a cause of action, same is not applicable to the answering defendants and answering defendants leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

19.    Paragraph "19" of the plaintiffs' amended complaint is a photocopy of a letter and does not assert a cause of action against these answering defendants. To the extent paragraph "19" is alleged to constitute a cause of action, same is not applicable to the answering defendants and answering defendants leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

20.    Paragraph "20" of the plaintiffs' amended complaint is a photocopy of a letter and does not assert a cause of action against these answering defendants. To the extent paragraph "20" is alleged to constitute a cause of action, same is not applicable to the answering defendants and answering defendants leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

21.    Paragraph "21" of the amended complaint does not assert a cause of action against these answering defendants. Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "21" of the

subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

22.    Paragraph "22" of the amended complaint does not assert a cause of action against these answering defendants. To the extent plaintiffs contend that paragraph "22" does allege a cause of action against these answering defendants, same is denied. Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the allegations contained in paragraph "22" of the subject amended complaint, and leave plaintiffs to their proofs. To the extent that this paragraph is alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

23.    Answering defendants deny paragraph "23".

## AS TO THE SECOND CAUSE OF ACTION

24.    Answering defendants repeat and re-allege each and every answer contained in the above paragraphs as if set forth fully at length herein.

25.    Paragraph "25" does not assert a cause of action against these answering defendants. To the extent plaintiffs contend that paragraph "25" does allege a cause of action against these answering defendants, same is denied.

## AS TO THE THIRD CAUSE OF ACTION

26.    Paragraph "26" of the amended complaint does not assert a cause of action against

these answering defendants.  Answering defendants are without sufficient information to form a

belief as to the truth and accuracy of the facts and allegations contained in paragraph "26" of the

subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph

is  alleged to assert a cause of action or claim against these answering defendants, or to the extent

it is alleged that purported facts asserted in this paragraph relate to actions by these answering

defendants which would support a cause of action against these answering defendants, same are

denied.

      27.    Paragraph "27" of the plaintiffs' amended complaint is a photocopy of a letter and

does not assert a cause of action against these answering defendants.  To the extent paragraph "27"

is alleged to constitute a cause of action, same is not applicable to the answering defendants and

answering defendants leave plaintiffs to their proofs. To the extent that this paragraph is  alleged to

assert a cause of action or claim against these answering defendants, or to the extent it is alleged that

purported facts asserted in this paragraph relate to actions by these answering defendants which

would support a cause of action against these answering defendants, same are denied.

      28.    Paragraph "28" of the plaintiffs' amended complaint is a photocopy of a verified

complaint and does not assert a cause of action against these answering defendants. To the extent

that this paragraph is  alleged to assert a cause of action or claim against these answering defendants,

or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these

answering defendants which would support a cause of action against these answering defendants,

same are denied.

      29.    Paragraph "29" of the amended complaint does not assert a cause of action against

these answering defendants.  Answering defendants are without sufficient information to form a

belief as to the truth and accuracy of the facts and allegations contained in paragraph "29" of the

subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

30.    Paragraph "30" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the allegations contained in paragraph "30" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

31.    Answering defendants deny paragraph "31".

## AS TO THE FOURTH CAUSE OF ACTION

32.    Answering defendants repeat and re-allege each and every answer contained in the above paragraphs as if set forth fully at length herein.

33.    Answering defendants deny paragraph "33".

## AS TO THE FIFTH CAUSE OF ACTION

34.    Paragraph "34" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "34" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent

it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

35.     Paragraph "35" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and  allegations contained in paragraph "35" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

36.     Answering defendants deny paragraph "36".

## AS TO THE SIXTH CAUSE OF ACTION

37.     Answering defendants repeat and re-allege each and every answer contained in the above paragraphs as if set forth fully at length herein.

38.     Answering defendants deny paragraph "38".

## AS TO THE SEVENTH CAUSE OF ACTION

39.     Paragraph "39" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "39" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering

defendants which would support a cause of action against these answering defendants, same are denied.

40.     Paragraph "40" of the amended complaint asserts a multitude of facts and allegations of which only some apply to these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "40" of the subject amended complaint which relate to other parties in this action, and leave plaintiffs to their proofs.  These answering defendants specifically deny the allegations against them in  paragraph "40" of plaintiffs' complaint. These answering defendants admit that Gennet, Kallmann, Antin and Robinson, P.C., as attorneys for Atlantic Mutual Insurance Company, properly moved for dismissal of plaintiff's appeal based on plaintiff's failure to comply with Section 640.6(a) of the Rules of Practice which requires an appellant to procure the Clerk's return and file it within thirty days after filing the Notice of Appeal.   Answering defendants also admit that the backer for one of the three motions filed pursuant to Section 640.6(a) was not hand signed, but deny that the failure to hand sign the backer was intentional or that it has the effect that plaintiff claims.

## AS TO THE EIGHTH CAUSE OF ACTION

41.     Answering defendants repeat and re-allege each and every answer contained in the above paragraphs as if set forth fully at length herein.

42.     Answering defendants deny paragraph "42".

43.     Paragraph "43" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "43" of the

subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

   44. Paragraph "44" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "44" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

   45. Paragraph "45" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "45" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

   46. Paragraph "46" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a

belief as to the truth and accuracy of the facts and allegations contained in paragraph "46" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

47.     Paragraph "47" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "47" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

48.     Paragraph "48" of the amended complaint does not assert a cause of action against these answering defendants.  Answering defendants are without sufficient information to form a belief as to the truth and accuracy of the facts and allegations contained in paragraph "48" of the subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph is  alleged to assert a cause of action or claim against these answering defendants, or to the extent it is alleged that purported facts asserted in this paragraph relate to actions by these answering defendants which would support a cause of action against these answering defendants, same are denied.

49.     If paragraph "49" is asserted to pertain to answering defendants, answering

defendants deny paragraph "49".

50.     Any alleged suffering and continuing suffering and irreparable loss and injury, mental

anguish, humiliation and embarrassment alleged by the plaintiffs is not the result of any activity

engaged in by these answering defendants.  Paragraph "50" is denied.

51.     Paragraph "51" of the amended complaint does not assert a cause of action against

these answering defendants.  Answering defendants are without sufficient information to form a

belief as to the truth and accuracy of the facts and allegations contained in paragraph "48" of the

subject amended complaint, and leave plaintiffs to their proofs.  To the extent that this paragraph

is  alleged to assert a cause of action or claim against these answering defendants, or to the extend

it is alleged that purported facts asserted in this paragraph relate to actions by these answering

defendants which would support a cause of action against these answering defendants, same are

denied.

**WHEREFORE**, answering defendants respectfully request dismissal of the plaintiffs'

amended complaint in its entirety, together with cost of court, as well as dismissal of all the relief

requested in the complaint, as well as dismissal of  paragraphs "1", "2", "3", "4", "5", "6", "7", "8",

"9", "10", "11", "12", "13", "14", "15" and "16" of the "Wherefore" clause.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff Swiskey has lack of standing to maintain this claim.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the doctrines of *res judicata* and collateral estoppel.

## RESERVATION OF DEFENSES

The answering parties reserve the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that, Brian J. Bolan, Esq., is hereby designated Trial Counsel.

## ANSWER TO CROSSCLAIMS

Defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company hereby deny any liability asserted against them in any cross-claims that have been filed, or will in the future be filed, against them.

> GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
> Attorneys for Defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company
> 45 Broadway Atrium, Litman Suite
> New York, NY 10006
> (212) 406-1919
> Our File No. 98-4150:118.0040-B
>
>
> BY: S/     BRIAN J. BOLAN  (BJB3046)
>      BRIAN J. BOLAN, ESQ. (3046)

DATED: March 5, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                                    :
DAVID GORDON and JACQUELINE SWISKEY,
                                                    : Case Number: 07-CV-6624 (PKC)
                          Plaintiffs,
                                                    :

vs.                                                 : **CERTIFICATION OF SERVICE**

BRIAN PALUMBO, NILES WELIKSON, HORING     :
WELIKSON & ROSEN, P.C., CAROLE A. FEIL,
as Executors of the Estate of LOUIS FEIL, CAROLE A.  :
FEIL and JEFFREY FEIL, d/b/a CLERMONT YORK
ASSOCIATES and BROADWALL MANAGEMENT       :
CORPORATION, ANDREW RATTNER, VIVIAN
TOULIATOS, ABERILL, JOSE ANTONIO (a/k/a TONY)          :
RUIZ, CARLOS GUEVARA, CARL LIEBERMAN,
NANCY S. LIEBERMAN (a/k/a NANCY S. LITTMAN), :
BRETT LIEBERMAN, JAY ANDERSON and JAY
ANDERSON, as Trustee of THE FEIL FOUNDATION,    :
ALAN ROSENBLOOM, NICOLE L. GOZ, BERNARD J.
GOZ, BELLA M. GOZ (a/k/a BELLA M. MEIKSON),      :
STANLEY KALLMANN, BRIAN J. BOLAN, GENNET
KALLMANN ANTIN & ROBINSON, P.C., AMERICAN :
INTERNATIONAL GROUP and ATLANTIC MUTUAL
INSURANCE COMPANY,                               :

                          Defendants.               :
_____

**[DOCUMENT FILE D ELECTRONICALLY]**

        BRIAN J. BOLAN, ESQ., of full age, states and certifies as follows:

        1.        I am attorney for defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann,

Antin & Robinson, P.C. and Atlantic Mutual Insurance Company in connection with the above

matter.


        2.        On March 5, 2008, I served, via U.S. regular mail, a true copy of an Answer to

Amended Complaint upon plaintiffs pro se David Gordon and Jacqueline Swiskey.

I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements made by me are wilfully false, I am subject to punishment.

GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
Attorneys for Defendants Stanley Kallmann, Brian J. Bolan,
Gennet, Kallmann, Antin & Robinson, P.C. and
Atlantic Mutual Insurance Company
45 Broadway Atrium, Litman Suite
New York, NY 10006
(212) 406-1919
Our File No. 98-4150:118.0040-B


BY: S/     BRIAN J. BOLAN  (BJB3046)
     BRIAN J. BOLAN, ESQ. (3046)

DATED:  March 5, 2008