UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID GORDON and JACQUELINE SWISKEY,

        Plaintiffs,

vs.

BRIAN PALUMBO, NILES WELIKSON, HORING WELIKSON & ROSEN, P.C., CAROLE A. FEIL, as Executors of the Estate of LOUIS FEIL, CAROLE A. FEIL and JEFFREY FEIL, d/b/a CLERMONT YORK ASSOCIATES and BROADWALL MANAGEMENT CORPORATION, ANDREW RATTNER, VIVIAN TOULIATOS, ABERILL, JOSE ANTONIO (a/k/a TONY) RUIZ, CARLOS GUEVARA, CARL LIEBERMAN, NANCY S. LIEBERMAN (a/k/a NANCY S. LITTMAN), BRETT LIEBERMAN, JAY ANDERSON and JAY ANDERSON, as Trustee of THE FEIL FOUNDATION, ALAN ROSENBLOOM, NICOLE L. GOZ, BERNARD J. GOZ, BELLA M. GOZ (a/k/a BELLA M. MEIKSON), STANLEY KALLMANN, BRIAN J. BOLAN, GENNET KALLMANN ANTIN & ROBINSON, P.C., AMERICAN INTERNATIONAL GROUP and ATLANTIC MUTUAL INSURANCE COMPANY,

        Defendants.

Case Number: 07-CV-6624 (PKC)

**NOTICE OF MOTION TO DISMISS PURSUANT TO F.R.C.P. RULE 12(b)(6)**

---

**[DOCUMENT ELECTRONICALLY FILED]**

PLEASE TAKE NOTICE that, upon the annexed Declaration of Brian J. Bolan, Esq., dated March 21, 2008, and the exhibits annexed thereto, the Declaration of Stanley W. Kallmann, dated March 21, 2008, the Affidavit of Merreles O. Schumann, and the accompanying Memorandum of Law, defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company, will move this Court before the Honorable P. Calvin Castel,

United States District Court, at the United States Courthouse, 500 Pearl Street, New York, New York, on submission or at such time as the Court may direct or as counsel may agree, for an Order, pursuant to Federal Rules Civil Procedure Rule 12(b)(6), dismissing the amended complaint for failure to state a claim against the defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company, upon which relief can be granted and for such other and further relief as this Court deems proper.

                        GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
                        Attorneys for Defendants Stanley Kallmann, Brian J. Bolan,
                        Gennet, Kallmann, Antin & Robinson, P.C. and
                        Atlantic Mutual Insurance Company
                        45 Broadway Atrium, Litman Suite
                        New York, NY 10006
                        (212) 406-1919
                        Our File No. 98-4150:118.0040-B

                        BY: <u>S/ BRIAN J. BOLAN</u>
                              BRIAN J. BOLAN, ESQ.

DATED: March 21, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID GORDON and JACQUELINE SWISKEY, :

          Plaintiffs,     : Case Number: 07-CV-6624 (PKC)

           :

vs.            :

BRIAN PALUMBO, NILES WELIKSON, HORING :
WELIKSON & ROSEN, P.C., CAROLE A. FEIL,
as Executors of the Estate of LOUIS FEIL, CAROLE A. :
FEIL and JEFFREY FEIL, d/b/a CLERMONT YORK
ASSOCIATES and BROADWALL MANAGEMENT :
CORPORATION, ANDREW RATTNER, VIVIAN
TOULIATOS, ABERILL, JOSE ANTONIO (a/k/a TONY) :
RUIZ, CARLOS GUEVARA, CARL LIEBERMAN,
NANCY S. LIEBERMAN (a/k/a NANCY S. LITTMAN), :
BRETT LIEBERMAN, JAY ANDERSON and JAY
ANDERSON, as Trustee of THE FEIL FOUNDATION, :
ALAN ROSENBLOOM, NICOLE L. GOZ, BERNARD J.
GOZ, BELLA M. GOZ (a/k/a BELLA M. MEIKSON), :
STANLEY KALLMANN, BRIAN J. BOLAN, GENNET
KALLMANN ANTIN & ROBINSON, P.C., AMERICAN :
INTERNATIONAL GROUP and ATLANTIC MUTUAL
INSURANCE COMPANY,     :

          Defendants.     :

---

## DECLARATION OF BRIAN J. BOLAN, ESQ., IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO FED. R. CIV.P. 12(b)(6)

BRIAN J. BOLAN, ESQ., an attorney duly licensed to practice law in the State of New York and a member of the bar of this Court, declares the following under penalties of perjury:

    1.    I am an associate with the law firm of Gennet, Kallmann, Antin & Robinson, P.C., counsel for defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company, and I am familiar with the above-captioned action.

2. I make this declaration in support of the aforementioned defendants' motion for an Order, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), dismissing the amended complaint for failure to state a claim against defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company, upon which relief can be granted. A copy of the amended complaint with exhibits is attached hereto as Exhibit "A".

3. A copy of moving defendants' answer is attached hereto as Exhibit "B".

4. By this action, plaintiffs David Gordon and Jacqueline Swiskey aver, in a lengthy and disjointed Complaint against twenty-six defendants, violations of the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*; and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, in addition to alleged claims governed by state law.

5. These answering defendants are familiar with Plaintiff Gordon, in that, for more than a decade, the law firm of Gennet Kallmann Antin and Robinson, P.C., has been counsel for Atlantic Mutual Insurance Company in a protracted New York State Court litigation involving a first-party insurance dispute. The history of that New York State action is outlined below, as moving defendants believe it will provide this court some insight as to reason claims against the moving defendants are being made in this action.

**The Prior New York Civil Court Action:**

6. In the state court action, David Gordon, plaintiff Pro Se, sought to recover damages from numerous defendants for their allegedly improper refusal to pay plaintiff's claim for $15,474.29 for purported water damage to a carpet occurring on January 22, 1995. Plaintiff claimed under a homeowner's insurance policy written by defendant, Atlantic Mutual Insurance Company, and issued under the name of Centennial Insurance Company, a division of Atlantic Mutual. After over a year

of unsuccessful efforts to adjust this claim, Atlantic Mutual denied the claim due to plaintiff's refusal to cooperate in its investigation. The state court action ensued.

7. The lower court action was commenced on or about November 5, 1997, when plaintiff Pro Se purchased the index number in Supreme Court, New York County, and filed the Summons with the New York County Clerk. As with the current amended complaint, the prior state court complaint was a grab bag of sweeping accusations, conclusory statements and unsupported arguments, which included ten (10) separate causes of action against the various defendants. Although not clearly designated, the Complaint attempted to set forth claims of conspiracy, fraud, RICO violation, breach of contract, unjust enrichment, libel, extortion, and intentional infliction of emotional distress. By way of relief, plaintiff sought: a) Declaratory Judgment by the Court that he is entitled to payment in full of his claim, plus interest; b) a permanent injunction directing Atlantic Mutual to "forever" administer plaintiff's policy in good faith, to refund to plaintiff all premiums paid to Atlantic by plaintiff to date, and to pay all of plaintiff's claims promptly; and c) compensatory and punitive damages on the various claims in an amount totaling $54,000,000.00; plus treble damages, interest, costs and disbursements, and attorney's fees (of which there have been none to date). A copy of the November 5, 1997 complaint is attached hereto as Exhibit "C".

8. In response, Gennet Kallman Antin & Robinsion served an Answer on behalf of the Atlantic Mutual Defendants. In it, defendants denied all of plaintiff's allegations and raise four affirmative defenses. A copy of the answer is attached hereto as Exhibit "D".

9. By Notice dated April 24, 1998, this office brought a motion for an Order granting summary judgment to the Atlantic Mutual Defendants or, in the alternative, dismissing the Complaint for plaintiff's failure to provide discovery. By Notice of Cross Motion dated May 14, 1998, counsel for defendants Herbert L. Jamison Company, Debra Baldwin, and John Pullara,

(hereinafter referred to as the "Jamison Defendants"), also moved for the same relief. By Decision and Order dated December 21, 1998, the Supreme Court, by Justice Sheila Abdus-Salaam, denied the motion and cross motion without prejudice to renew and transferred the action to the New York Civil Court.

10. Previously, on March 12, 1998, this firm served upon the plaintiff a Demand for a Verified Bill of Particulars.

11. In response, on or about April 21, 1998, plaintiff served a "Notice of Rejection" dated April 6, 1998, rejecting all our discovery demands including the Request for a Bill of Particulars, based upon unspecified "multiple improprieties". A copy of plaintiff's Notice of Rejection is attached hereto as Exhibit "E".

12. By Notice of Motion dated May 21, 1999, the Atlantic Mutual renewed its motion for Summary Judgment or to dismiss for willful failure to provide discovery. By Notice of Cross Motion dated June 3, 1999, the Jamison Defendants cross-moved this Court for the same relief. By Notice dated July 7, 1999, plaintiff cross-moved this Court for Default Judgment and sanctions against all defendants. By Decision and Order dated August 12, 1999, Judge Faviola A. Soto denied plaintiff's cross-motion in its entirety and granted defendants' motions to the extent of ordering plaintiff to comply with all outstanding discovery within thirty (30) days of service of said Order with Notice of Entry. This was the first Order directing plaintiff to serve a responsive Bill of Particulars.

13. On or about September 17, 1999, plaintiff served his discovery responses pursuant to the Court's Order, including a Verified Bill of Particulars.

14. A preliminary review of said Verified Bill of Particulars revealed that it was utterly inadequate to put the defendants on notice of the claims being alleged against them by plaintiff and

the factual basis for said claims. A copy of plaintiff's Bill of Particulars is attached hereto as Exhibit "F". By letter dated October 18, 1999, this firm wrote to the plaintiff requesting that he provide a Supplemental Bill of Particulars responding with specificity to the questions raised by defendants' demands. Plaintiff failed to respond to this request. A copy of the October 18, 1999 letter is attached hereto as Exhibit "G".

15. Accordingly, by Notice of Motion dated January 18, 2000, defendants again brought a motion for an Order dismissing the plaintiff's Complaint for failure to comply with the Court's August 12, 1999 Order to provide disclosure responsive to defendants' demands. Counsel for the Jamison Defendants cross-moved the Court for the same relief.

16. The motion and cross-motion were duly heard by the Court on March 8, 2000, following which the Court, by the Hon. Paul G. Feinman, issued a decision granting defendants' motion to dismiss the Complaint "unless plaintiff complies with all outstanding discovery requests within 10 days." This was the second Order directing plaintiff to serve a responsive Bill of Particulars. A copy of the March 8, 2000 Order is attached hereto as Exhibit "H".

17. This office then served plaintiff with a complete copy of the claims file maintained by Atlantic Mutual Insurance in connection with the plaintiff's claim, plus a complete copy of the file maintained by Edward R. Reilly & Company, Inc. on October 13, 2000.

18. Affidavits duly sworn by Charles Brinkman, Charles T. Reilly, Jr. and Arnold Eisenberg were also provided to the plaintiff, confirming that none of those individual defendants, or Centennial Insurance Company or Long Island Carpet Cleaners, Inc., maintained separate files in connection with plaintiff's claims.

19. On or about October 17, 2000, plaintiff served a Notice of Appeal from said Order to the Appellate Term of the Supreme Court, First Department.

20. After filing said Notice of Appeal, plaintiff took no further steps to perfect his appeal and, by Notice dated February 15, 2001, this office moved for an Order dismissing the plaintiff's appeal for failure to perfect. By Order dated March 8, 2001, the Court granted our application unless plaintiff perfected the appeal by the June term, the filing deadline for which was April 12, 2001. A copy of the Court's Order dated March 8, 2001 is attached hereto as Exhibit "I".

21. Plaintiff again failed to take any steps to perfect the appeal and, as a result, by Notice dated June 20, 2001, this office moved for a final Order dismissing the appeal for failure to perfect. By Order dated July 9, 2001, the Appellate Term granted this motion and dismissed plaintiff's appeal herein. A copy of the Appellate Term's Order of July 9, 2001 is attached hereto as Exhibit "J".

22. Plaintiff thereafter brought motions for leave to appeal this decision, first in the Appellate Term and then to the Appellate Division, First Department. By Order dated August 22, 2001, the Appellate Term denied the plaintiff's motion for leave to appeal in all respects. By Order dated November 15, 2001, the Appellate Division denied plaintiff's motion for leave to appeal in all respects and awarded $100.00 in costs to the defendants. A copy of the Appellate Division's Order dated November 15, 2001 is attached hereto as Exhibit "K".

23. Upon receipt of the Appellate Division's decision, we served a copy of same with Notice of Entry upon plaintiff. Also enclosed was a letter in which we noted that as a result of this decision, the enforcement of this Court's Order of September 15, 2000, was no longer stayed. We again requested that the plaintiff comply with this Court's September 15, 2000 Order within the next twenty (20) days.

24. The case again languished without prosecution.

25. Defendants then brought another motion to dismiss plaintiff's complaint for failing to respond to discovery and for summary judgment as to CHARLES BRINKMAN, CHARLES J.

REILLY, JR., ARNOLD EISENBERG, EDWARD R. REILLY & CO., INC., LONG ISLAND CARPET CLEANERS, INC. That motion was granted in part, dismissing plaintiff's complaint against the above-referenced defendants but denying the Atlantic Mutual defendant's motion to dismiss.

26. That decision was appealed by plaintiff and the Appellate Term affirmed Judge Saliann Scarpulla's Order.

27. Thereafter, defendants moved, pursuant to CPLR § 3216, for an Order dismissing plaintiff's complaint for want of prosecution.

28. The Court entered an Order requiring plaintiff to submit to a deposition on June 23, 2005. The Order also required defendants to "respond to plaintiff's further production requests which shall be served on defendant's counsel by 5/25/05 and responded to by 6/23/05 at the EBT and expert witness disclosure demand to be responded by May 27, 2005. A copy of the Court's Order is attached hereto as Exhibit "L".

29. In response to the Order, the undersigned served a response to plaintiff's demand for expert witness disclosure.

30. Also, the undersigned forwarded a letter response to plaintiff on June 17, 2005, regarding the remainder of his demands. The letter indicated that we had previously provided all the information requested by plaintiff. A copy of our June 17, 2005 letter is attached hereto as Exhibit "M".

31. On June 23, 2005, the court reporter I had procured was present, and I was ready and able to conduct the deposition of plaintiff.

32. Plaintiff arrived at my office on time and immediately demanded to review the firm's file. I advised plaintiff that I had forwarded to him our responses prior to the June 23, 2005 date and

plaintiff became irate, believing that the May 18, 2005 Order required production of the firm's file for discovery and inspection. Reading no such requirement in the Order, plaintiff was denied access to the firm's file.

33. Plaintiff then refused to be deposed, alleging that I had violated the Court's Order.

34. A flurry of motion practice followed and, by Order dated May 25, 2006, the Hon. Diane A. Lebedeff issued an order resolving all discovery issues and suggesting that the deposition of the plaintiff be conducted at the courthouse. A copy of the Court's Order dated May 25, 2006 is attached hereto as Exhibit "N".

35. The undersigned served upon plaintiff a Notice of Examination Before Trial, dated June 6, 2006, via certified and regular mail.

36. Because the court did not have any rooms available on June 28, 2006, the date of the examination before trial, the location had to be altered and my secretary made two telephone calls to Mr. Gordon and left messages regarding the change of the location from the courthouse to our office at 45 Broadway Atrium, Litman Suite, New York, New York.

37. On June 28, 2006, Mr. Gordon failed to appear for the deposition.

38. We again filed a motion to compel Gordon's deposition and by Order dated October 13, 2006, the Honorable Joan M. Kenny compelled Gordon to appear and have his deposition conducted on or before December 29, 2006.

39. On November 16, 2006, Mr. Gordon appeared for his deposition.

40. In his deposition he confirmed that the date of loss was January 22, 1995. He also confirmed that he reported the loss to the Atlantic Mutual defendants on or about January 22, 1995.

41. The Atlantic Mutual defendants claim file indicates first notice of this claim February 23, 1996.

42. Gordon had a homeowners policy of insurance with Atlantic Mutual defendants, Policy Number 52860133, which was in full force and effect on the date of the alleged loss January 22, 1995.

The policy provides for the following:

**SECTION 1-CONDITIONS**

8. Suit Against Us

    No action can be brought unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing the loss or damage.

The insurance policy provides, as well:

Section 1 - Conditions
2. Your Duties After Loss. In case of a loss to which this insurance may apply, you shall see that the following duties are performed:
   a. Give immediate notice to us or our agent...

43. After some investigation, a dispute arose and the claim was never fully submitted or resolved.

44. After completing discovery, the Atlantic Mutual Defendants moved for summary judgment seeking an order dismissing the complaint base upon the terms and conditions of the insurance policy.

45. This application was heard on oral argument before Judge Geoffrey D. Wright on March 14, 2007. Thereafter, by Decision and Order dated March 26, 2007, the Court, granted summary judgment to the Atlantic Mutual Defendants and dismissed plaintiff's complaint. A copy of the Court's March 14, 2007 Order is attached hereto as Exhibit "O".

46. Plaintiff filed a Notice of Appeal with the Civil Court Clerk's Office on or about May 10, 2007.

47. After filing said Notice of Appeal, plaintiff/appellant took no further steps to perfect his appeal and, as a result, we filed a motion requesting that the Court find that plaintiff/appellant had failed to perfect his appeal in connection with this matter and dismiss the appeal with prejudice. An Order on Motion and Cross-Motion was executed September 11, 2007 mandating that plaintiff perfect his appeal by November 14, 2007 and allowing this respondent to move on five days' notice for an order dismissing the appeal for failure to prosecute. A copy of the Order dated September 11, 2007 is attached hereto as Exhibit "P".

48. When Plaintiff failed to perfect his appeal on the Court mandated November 14, 2007 deadline, the undersigned filed another motion, requesting that the Court find that plaintiff/appellant had failed to perfect his appeal in connection with this matter and dismiss the appeal with prejudice.

49. An Order on Motion was executed December 13, 2007 mandating that plaintiff perfect his appeal by November 14, 2007 and allowing this respondent to move on five days' notice for an order dismissing the appeal for failure to prosecute. A copy of the Court's Order dated December 13, 2007 is attached hereto as Exhibit "Q".

50. Plaintiff failed to comply with the prior two Appellate Term Orders and with the rules of court. The December 13, 2007 Order specifically stated: "No further extension of time will be granted in this appeal from an order dated April 6, 2007."

51. We moved again for dismissal of plaintiff's appeal, which was granted by Order dated January 22, 2008. A copy of the Court's January 22, 2008 Order is attached hereto as Exhibit "R".

52. Based on the manner in which the Amended Complaint is drafted, it is impossible to determine if plaintiffs allege that defendants Brian J. Bolan, Stanley W. Kallmann, Gennet Kallmann Antin and Robinson, P.C., and Atlantic Mutual Insurance Company violated the Fair Housing Act

and the Americans with Disabilities Act. It is certainly not properly plead if such an allegation is being made. There is no contention that any of the moving defendants had an ownership of, interest in, or control of, the building at 444 East 82nd Street, New York, New York. The undersigned defendant, Brian J. Bolan, did not have ownership of, interest in, or control over the building containing plaintiffs' apartment at 444 East 82nd Street, New York, New York.

53.   The Declaration of Stanley W. Kallmann, attached hereto as Exhibit "S", submitted in support of this motion confirms that neither he nor Gennet Kallmann Anting & Robinson, P.C., had ownership of, interest in, or control over the building containing plaintiffs' apartment at 444 East 82nd Street, New York, New York.

54.   The Affidavit of Merreles O. Schumann, a representative of Atlantic Mutual Insurance Company, attached hereto as Exhibit "T", confirms that it did not have ownership of, interest in, or control over the building containing plaintiffs' apartment at 444 East 82nd Street, New York, New York.

55.   These claims are clearly not cognizable and should be dismissed.

56.   The sole cause of action directed against the moving defendants is contained in the Seventh Cause of Action, which alleges that Gennet, Kallmann, Antin & Robinson, Brian Bolan, Stanley Kallmann and Atlantic Mutual Insurance Company were "utilized" by the Feil Organization to "enter into the concealed, unlawful agreement with American International Group discussed above to unlawfully deny David Gordon any insurance benefits under his expensive, 1995 replacement cost insurance policy, after the Feil's flooded his apartment 34B in January 1995"...

57.   This contention does not state, with specificity or otherwise, a violation of § 1962. Nor does the complaint establish, <u>as the plaintiff must prove</u>, "a pattern of racketeering activity" 18 U.S.C. § 1962. Racketeering activity includes the commission of specified state law crimes, conduct

indictable under various provisions within Title 18 of the United States Code, including mail and wire fraud, and certain other Federal offenses. 18 U.S.C. § 1961(1). In order to prove a pattern, at least two related predicate acts must be shown, the last of which must have occurred within ten years of a prior act of racketeering activity. 18 U.S.C. § 1961(5). In order to establish a violation of 18 U.S.C. § 1962(C), a plaintiff must demonstrate "(1) conduct, (2) of an enterprise, (3) through a pattern, of racketeering activity. A violation of 18 U.S.C. § 1962(C) requires that a defendant, through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly participated in an enterprise, the activities which effected interstate or foreign commerce.

58.   There is language in the amended complaint that Stanley Kallmann, Brian Bolan and Gennet, Kallmann, Antin & Robinson have "joined the Feil Organization defendants in their ongoing torture campaign of plaintiffs..." (Amended Complaint, pg. 36) and that Brian J. Bolan submitted a "CONCEALMENT FRAUD AFFIRMATION" to the New York State Supreme Court's First Appellate Term seeking "to extinguish 'with prejudice" David Gordon's appeal of a wildly improper March 26, 2007 dated Decision and Order of David Gordon's above-referenced 1997 file New York Court flood insurance case against Atlantic Mutual Insurance Company..."(Amended Complaint, pg. 37)  The Seventh Cause of Action does not reference RICO or 18 USC 1961, et seq.

59.   The only factual allegation provided to support this claim is that the undersigned defendant submitted a motion to New York State Appellate Term with an unsigned backer. That motion is attached hereto as Exhibit "U".  It is admitted that the backer was submitted unsigned. It was an oversight without consequence since at the time of the submission, as well as to date, the backer was no longer a required submission for court documents in the State of New York. Further, plaintiffs have failed to aver that the submission of an unsigned backer would constitute a violation

of a specified state law crime, or conduct indictable under various provisions within Title 18 of the United States Code, including mail and wire fraud, and certain other Federal offenses. 18 U.S.C. § 1961(1). The Complaint also does not specify how the submission of a motion constitutes a crime or conduct within the RICO statute. The Complaint also does not state a pattern of at least two related predicate acts.

60.    Thus, plaintiffs' amended complaint fails to state a cause of action upon which relief can be granted and it should be dismissed as to defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company.

>GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
>Attorneys for Defendants Stanley Kallmann, Brian J. Bolan,
>Gennet, Kallmann, Antin & Robinson, P.C. and
>Atlantic Mutual Insurance Company
>45 Broadway Atrium, Litman Suite
>New York, NY 10006
>(212) 406-1919
>Our File No. 98-4150:118.0040-B
>
>BY: S/ BRIAN J. BOLAN
>    BRIAN J. BOLAN, ESQ.

DATED: March 21, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID GORDON and JACQUELINE SWISKEY, :

                               : Case Number: 07-CV-6624 (PKC)

                 Plaintiffs,

                                :

vs.                               : **CERTIFICATION OF SERVICE**

BRIAN PALUMBO, NILES WELIKSON, HORING :
WELIKSON & ROSEN, P.C., CAROLE A. FEIL,
as Executors of the Estate of LOUIS FEIL, CAROLE A. :
FEIL and JEFFREY FEIL, d/b/a CLERMONT YORK
ASSOCIATES and BROADWALL MANAGEMENT :
CORPORATION, ANDREW RATTNER, VIVIAN
TOULIATOS, ABERILL, JOSE ANTONIO (a/k/a TONY) :
RUIZ, CARLOS GUEVARA, CARL LIEBERMAN,
NANCY S. LIEBERMAN (a/k/a NANCY S. LITTMAN), :
BRETT LIEBERMAN, JAY ANDERSON and JAY
ANDERSON, as Trustee of THE FEIL FOUNDATION, :
ALAN ROSENBLOOM, NICOLE L. GOZ, BERNARD J.
GOZ, BELLA M. GOZ (a/k/a BELLA M. MEIKSON), :
STANLEY KALLMANN, BRIAN J. BOLAN, GENNET
KALLMANN ANTIN & ROBINSON, P.C., AMERICAN :
INTERNATIONAL GROUP and ATLANTIC MUTUAL
INSURANCE COMPANY, :

                 Defendants.        :

---

### [DOCUMENT FILE D ELECTRONICALLY]

BRIAN J. BOLAN, ESQ., of full age, states and certifies as follows:

1.    I am attorney for defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company in connection with the above matter.

2.     On March 21, 2008, I served, via U.S. regular mail, a true copy of a Notice of Motion to Dismiss Pursuant to F.R.C.P. Rule 12(B)(6), Declaration of Brian J. Bolan, Esq. in Support, Declaration of Stanley W. Kallmann, Esq. in Support, Affidavit of Merreles O. Schumann, and Memorandum of Law in Support upon plaintiffs pro se David Gordon and Jacqueline Swiskey.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

> GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
> Attorneys for Defendants Stanley Kallmann, Brian J. Bolan,
> Gennet, Kallmann, Antin & Robinson, P.C. and
> Atlantic Mutual Insurance Company
> 45 Broadway Atrium, Litman Suite
> New York, NY 10006
> (212) 406-1919
> Our File No. 98-4150:118.0040-B
>
> BY: S/    BRIAN J. BOLAN  (BJB3046)
>      BRIAN J. BOLAN, ESQ. (3046)

DATED: March 21, 2008