# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------

DAVID GORDON,

                                  Plaintiff,

         - against -

CHARLES BRINKMAN, CHARLES J. REILLY, JR.,
ARNOLD EISENBERG, DEBRA BALDWIN, JOHN
PULLARA, EDWARD R. REILLY & CO., INC.,
LONG ISLAND CARPET CLEANERS, INC.,
HERBERT L. JAMISON & CO., CENTENNIAL
INSURANCE COMPANY and ATLANTIC MUTUAL
INSURANCE COMPANY,

                                  Defendants.

-----------------------------------------------------------------

Index No.:  605662/97

**VERIFIED AMENDED
ANSWER**

        Defendants, Centennial Insurance Company, Atlantic Mutual Insurance Company, Charles J. Reilly, Jr., Edward R. Reilly & Co., Inc., Charles Brinkman, Arnold Eisenberg, and Long Island Carpet Cleaners, Inc., by their attorneys, Gennet, Kallmann, Antin & Robinson, as and for their Answer to the Complaint of plaintiff, allege as follows:

## ANSWERING THE FIRST CAUSE OF ACTION

        1.     Defendants have no information as to the first sentence of the first paragraph, and put the plaintiff to his proofs.  Defendants deny the remaining assertions of the first paragraph.

        2.     By way of Answer to paragraph two, the defendants admit that the insurers are licensed to do business in the State of New York, and maintain a claims office in New York. They deny the remaining allegations of paragraph two.

        3.     By way of Answer to paragraph three, defendants admit Charles Brinkman's employment with defendant Atlantic Mutual Insurance Company.  They deny the remaining allegations of paragraph three.

4.    Defendants deny paragraph four.

5.    Defendants admit the issuance of the correspondence which is part of paragraph five, but deny plaintiff's characterization thereof.

6.    Defendants deny paragraph six.

7.    By way of Answer to paragraph seven, defendants admit Charles Reilly's employment with defendant Edward R. Reilly & Co., Inc., and that the Reilly firm was engaged to represent Atlantic Mutual Insurance Company.  They deny the remaining allegations of paragraph seven.

8.    By way of Answer to paragraph eight, defendants admit defendant Arnold Eisenberg's association with Long Island Carpet Cleaners, Inc., but deny the remaining allegations of paragraph eight.

9.    Defendants have no information as to paragraphs nine and ten, except that they deny any improper conduct of any kind no less conduct inimical to the plaintiff.

10.    Defendants deny paragraph eleven.

11.    Defendants have no information as to paragraph twelve, except to deny that they deny any improper conduct of any kind no less conduct inimical to the plaintiff.

12.    By way of Answer to paragraph thirteen, defendants acknowledge the existence of Long Island Carpet Cleaners, Inc. and that Mr. Eisenberg is associated with that firm.  They deny the remaining allegations of paragraph thirteen.

13.    Defendants deny paragraphs fourteen and fifteen.

## ANSWERING THE SECOND CAUSE OF ACTION

14.    Defendants repeat and reiterate each and every Answer to paragraphs one through fifteen as though set forth at length herein.

15.    Defendants deny paragraph seventeen.

## ANSWERING THE THIRD CAUSE OF ACTION

16.    Defendants repeat and reiterate each and every Answer to paragraphs one through seventeen as though set forth at length herein.

17.    Defendants deny paragraph nineteen.

## ANSWERING THE FOURTH CAUSE OF ACTION

18.    Defendants repeat and reiterate each and every Answer to paragraphs one through nineteen as though set forth at length herein.

19.    Defendants deny paragraph twenty-two.

## ANSWERING THE FIFTH CAUSE OF ACTION

20.    Defendants repeat and reiterate each and every Answer to paragraphs one through twenty-two as though set forth at length herein.

21.    Defendants deny paragraphs twenty-four, twenty-five, twenty-six, twenty-seven, twenty-eight, twenty-nine, and thirty.

## ANSWERING THE SIXTH CAUSE OF ACTION

22.    Defendants repeat and reiterate each and every Answer to paragraphs one through thirty as though set forth at length herein.

23.    Defendants deny paragraph thirty-two.

## ANSWERING THE SEVENTH CAUSE OF ACTION

24.    Defendants repeat and reiterate each and every Answer to paragraphs one through thirty-two as though set forth at length herein.

25.    Defendants deny paragraph thirty-four.

## ANSWERING THE EIGHTH CAUSE OF ACTION

26.     Defendants repeat and reiterate each and every Answer to paragraphs one through thirty-four as though set forth at length herein.

27.     Defendants deny paragraph thirty-six.

## ANSWERING THE NINTH CAUSE OF ACTION

28.     Defendants repeat and reiterate each and every Answer to paragraphs one through thirty-six as though set forth at length herein.

29.     Defendants deny paragraphs thirty-eight, thirty-nine, and forty.

## ANSWERING THE TENTH CAUSE OF ACTION

30.     Defendants repeat and reiterate each and every Answer to paragraphs one through forty as though set forth at length herein.

31.     Defendants deny paragraph forty-two.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33.     Plaintiff failed to comply with the policy requirements by making available for inspection certain property which was the subject matter of an insurance claim brought by the plaintiff against the defendant Centennial Insurance Company, and plaintiff cannot recover herein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34.     Defendants are entitled to costs and attorneys' fees up to the amount of $10,000 pursuant to CPLR 8303-a(a).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35.    Plaintiff failed to file suit within the period of time prescribed by the insurance policy.

Dated:    New York, New York
          March 25, 1998

GENNET, KALLMANN, ANTIN & ROBINSON
Attorneys for Defendants, Centennial Insurance
Company, Atlantic Mutual Insurance Company,
Charles J. Reilly, Jr., Edward R. Reilly & Co., Inc.,
Charles Brinkman, Arnold Eisenberg, and Long
Island Carpet Cleaners, Inc.

By: _____
          STANLEY W. KALLMANN

Litman Suite, 45 Broadway Atrium
New York, New York 10006
(212) 406-1919
File No.:  98-4150:118/40-K

TO:    David Gordon
       Plaintiff Pro Se
       444 East 82nd Street
       New York, New York 10028

## VERIFICATION

STANLEY W. KALLMANN, an attorney duly admitted to practice before the Courts of the State of New York, hereby affirms the following to be true under penalties of perjury:

I am a member of the firm of Gennet, Kallmann, Antin & Robinson, Esqs., attorneys of record for defendants.

I have read the annexed Amended Answer, know the contents thereof; the same is true to my knowledge, except as to those matters stated to be alleged on information and belief, and as to these matters, I believe it to be true.

The grounds of my belief as to all matters not stated upon my own knowledge are the information in the file of my firm, and the files, books and records maintained by the defendants in connection with this matter.

DATED:     New York, New York
           March 25, 1998


_____
STANLEY W. KALLMANN

## AFFIRMATION OF SERVICE

STANLEY W. KALLMANN, an attorney admitted to practice before the courts of the State of New York, hereby affirms the truth of the following under the penalties of perjury:

I am a partner in the firm of Gennet, Kallmann, Antin & Robinson, P.C., attorneys of record for the Defendants, Centennial Insurance Company, Atlantic Mutual Insurance Company, Charles J. Reilly, Jr., Edward R. Reilly & Co., Inc., Charles Brinkman, Arnold Eisenberg, and Long Island Carpet Cleaners, Inc.

That on March 25, 1998, I served a true copy of the annexed Verified Amended Answer, by placing same in a sealed envelope with postage prepaid thereon in a post office or official depository of the United States Postal Service addressed to the last known address of the addressee set forth below, by regular mail:

David Gordon
Plaintiff Pro Se
444 East 82nd Street
New York, New York 10028

Dated:    New York, New York
          March 25, 1998


STANLEY W. KALLMANN

# EXHIBIT E

BY CERTIFIED MAIL, RETURN RECEIPT N. P323715759

NOTICE OF REJECTION

444 East 82nd Street
New York, N.Y.  10028

April 6, 1998

Gennet, Kallmann,
Antin & Robinson
6 Campus Drive
Parsippany, N.J.  07054-4406

Gentlemen:

RE:  DAVID GORDON V. CHARLES BRINKMAN, ET AL, NEW YORK STATE SUPREME
     COURT INDEX NO. 605662/97.

Gentlemen:

Be advised, as attorneys for all the defendants, EXCEPT DEBRA BALDWIN,
JOHN PULLARA AND HERBERT L. JAMISON & CO., in the above-referenced
matter, your recent fraudulent phalanx of alleged:  ANSWER; DEMANDS
FOR PHOTOGRAPHS, WITNESS NAMES AND ADDRESSES, EXPERT WITNESS DISCLOSURE
AND BILL OF PARTICULARS; ADMISSIONS REQUEST; and AMENDED ANSWER are
all hereby rejected for multiple improprieties.

Noticed without prejudice, and all rights, without exception, reservation
or qualification are reserved, and no waivers, constructive or otherwise,
have, are or will be granted.

DAVID GORDON
Plaintiff Pro Se
212 628-6051

Duplicate to:  Gennet, Kallmann, Antin & Robinson
               45 Broadway Atrium
               New York, N.Y.  10006
               By Certified Mail, Return Receipt
               No. P323715759

# EXHIBIT F

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------x
DAVID GORDON,

                          Plaintiff,

        - against                                      Index No.   39TSN/99

                                                       PLAINTIFF'S VERIFIED
CHARLES BRINKMAN, CHARLES J. REILLY, JR.,              BILL OF PARTICULARS
ARNOLD EISENBERG, DEBRA BALDWIN, JOHN PULLARA,
EDWARD R. REILLY & CO., INC., LONG ISLAND CARPET
CLEANERS, INC., HERBERT L. JAMISON & CO.,
CENTENNIAL INSURANCE COMPANY and ATLANTIC MUTUAL
INSURANCE COMPANY,

                          Defendants.
--------------------------------------------------x

        Plaintiff, DAVID GORDON, being duly sworn, deposes and says:  the
following and attached comprise my Verified Bill Of Particulars, responding
to the March 12, 1998-dated, blatantly frivolous and otherwise abusive
Demand For A Verified Bill Of Particulars by Stanley Kallmann, New Jersey-
based attorney for the Brinkman, Reilly, Eisenberg Insurance Company
defendants (as referenced in Plaintiff's July 7, 1999 and August 8, 1999
Civil Court Affidavits, copies of which, in their entirety, including all
exhibits and text, are attached hereto and made a part hereof and included
herein by reference).

    1.      Set forth the full factual basis for the assertion in paragraph 1 that there was a
"covert", Byzantine, wildly unlawful scheme".
ANSWER:

        Defendants' use of the overly broad, non-specific, undefined term
" full factual basis " requires Plaintiff to guess at the meaning of the
thus vague and ambiguous question, which obviously lacks sufficient
particularity for actual comprehension.  Plaintiff is not required to
guess, speculate or interpret as to what, in particular, the non-specific
question actually is asking; rendering the lacking-in-sufficient-

                                    1

particularity question actually incomprehensible, improper, abusive and make-work. Defendants are directed to Plaintiff's July 7, 1999 and August 8, 1999 Civil Court Affidavits in their entirety, <u>including all exhibits and text</u>, copies of which they already possess. Additional copies are attached hereto, made a part hereof and included herein by reference. Answered without prejudice, and all rights, without exception, reservation or qualification are reserved, and no waivers, constructive or otherwise, have, are or will be granted.

2.    Set forth the full factual basis for the assertion in paragraph 1 that defendants acted maliciously.

ANSWER:  SEE 1. ABOVE

3.    Set forth the full factual basis for the assertion in paragraph 1 that defendants acted to severely damage plaintiff emotionally or financially or otherwise.

ANSWER:  SEE 1. ABOVE

4.    Set forth the full factual basis for the assertion in paragraph 2 that defendants are "among the larger insurance groups in the United States".

ANSWER:  SEE 1. ABOVE

5.    Set forth the full factual basis for the assertion in paragraph 2 that defendant Atlantic Mutual has "been sued, fined and otherwise penalized by both Federal and New York and other State courts . . .," setting forth with particularity (a) the date of every such fine or penalty; (b) the public or other agency which imposed such fine or penalty; (c) the alleged basis for the said fine or penalty, identifying what insurance law or specific fraud was allegedly involved; and (d) any additional information known to plaintiff to enable defendants to identify the matter with particularity.

ANSWER:  SEE 1. ABOVE

6.    Set forth the full factual basis for the assertion in paragraph 3 that defendant Charles Brinkman was "one of Atlantic Mutual's Senior Claims Representatives".

ANSWER:  SEE 1. ABOVE

7.     Set forth the full factual basis for the assertion in paragraph 3 that defendant Charles Brinkman had been paid substantial sums.

ANSWER:  SEE 1. ABOVE

8.     Set forth the full factual basis for the assertion in paragraph 3 that defendant Charles Brinkman is one of Atlantic's highest ranking and highest paid claims executives.

ANSWER:  SEE 1. ABOVE

9.     Set forth the full factual basis for the assertion in paragraph 3 that Mr. Brinkman's compensation involves not paying claims.

ANSWER:  SEE 1. ABOVE

10.     Set forth the full factual basis for the assertion in paragraph 3 that Mr. Brinkman was personally involved in the "wildly unlawful scheme of the defendants".

ANSWER:  SEE 1. ABOVE

11.     Set forth the full factual basis for the assertion in paragraph 3 that Mr. Brinkman was involved in wire and mail fraud.

ANSWER:  SEE 1. ABOVE

12.     Set forth the full factual basis for the assertion in paragraph 3 that Mr. Brinkman "may have personally received, or be in line to receive, the highest percentages of monetary benefit among all the individual defendants."

ANSWER:  SEE 1. ABOVE

13.     Set forth the full factual basis for the assertion in paragraph 3 that Mr. Brinkman "may not have been licensed properly in New York State to engage in claims activities."

ANSWER:  SEE 1. ABOVE

14.     Set forth the full factual basis for the assertion in paragraph 4 that the correspondence which is made part of paragraph 5 was "false", identifying (a) each and every allegedly false statement; and (b) the actual facts.

ANSWER:  SEE 1. ABOVE

15.     Set forth the full factual basis for the assertion in paragraph 6 that Mr. Brinkman's letter was "absurd".

ANSWER:  SEE 1. ABOVE

16.     Set forth the full factual basis for the assertion in paragraph 6 that all evidence supports the proposition that the letter was written with intent to damage plaintiff.

ANSWER:  SEE 1. ABOVE

17.     Set forth the full factual basis for the assertion in paragraph 6 that all evidence supports the proposition that the letter was "libelous per se".

ANSWER:  SEE 1. ABOVE

18.    Set forth the full factual basis for the assertion in paragraph 6 that all evidence supports the proposition that the letter was "made with reckless disregard for the truth".

ANSWER:  SEE 1. ABOVE

19.    Set forth the full factual basis for the assertion in paragraph 6 that all evidence supports the proposition that the alleged defamation and publication was not privileged.

ANSWER:  SEE 1. ABOVE

20.    Set forth the full factual basis for the assertion in paragraph 7 that defendant Charles J. Reilly, Jr. was "so successful previously" at keeping Atlantic Mutual policy holders from receiving benefits that Atlantic Mutual and/or Charles Brinkman "repeatedly engaged Reilly and his firm to perpetrate his customary claims behavior," identifying each and every insured and loss in which it is alleged an insured was deprived of its rights.

ANSWER:  SEE 1. ABOVE

21.    Set forth the full factual basis for the assertion in paragraph 7 that defendant Charles J. Reilly, Jr. and his firm are paid "wholly, or in part, out of money that Atlantic Mutual policyholders have been deprived of by Reilly and Reilly-related firm activities . . . ."

ANSWER:  SEE 1. ABOVE

22.    Set forth the full factual basis for the assertion in paragraph 7 that defendant Charles J. Reilly or Edward R. Reilly & Co had "additional profitable arrangements" with defendant Brinkman and defendants Arnold Eisenberg and Long Island Carpet Cleaners, Inc., identifying with particularity each and every profit arrangement.

ANSWER:  SEE 1. ABOVE

23.    Set forth the full factual basis for the assertion in paragraph 7 as to the "very large sums of money" which Atlantic Mutual paid to the Reilly firm over the years.

ANSWER:  SEE 1. ABOVE

24.    Set forth the full factual basis for the assertion in paragraph 7 that the Reilly firm is Atlantic Mutual's "cumulatively-highest-paid so-called adjustment contractors in the New York City area."

ANSWER:  SEE 1. ABOVE

25.    Set forth the full factual basis for the assertion in paragraph 7 that the compensation paid to the Reilly firm "reflects the insurance's company's success in NOT PAYING CLAIMS".

ANSWER:  SEE 1. ABOVE

4

26.    Set forth the full factual basis for the assertion in paragraph 7 that Mr. Reilly "may have personally received, or been in line to receive, one of the highest percentages of monetary benefit among all the individual defendants."

ANSWER:   SEE 1. ABOVE

27.    Set forth the full factual basis for the assertion in paragraph 7 that defendant Charles J. Reilly, Jr. "intentionally and clearly lied . . . ."

ANSWER:   SEE 1. ABOVE

28.    Set forth the full factual basis for the assertion in paragraph 7 that defendant Charles J. Reilly, Jr. "engaged in various unlawful deceit and fraud . . . ."

ANSWER:   SEE 1. ABOVE

29.    Set forth the full factual basis for the assertion in paragraph 8 that the defendant Arnold Eisenberg, "a principal of. . . Long Island Carpet Cleaners, Inc., [was] a familiar associate" of other defendants.

ANSWER:   SEE 1. ABOVE

30.    Set forth the full factual basis for the assertion in paragraph 8 that defendant Arnold Eisenberg assisted other defendants in allegedly defrauding the plaintiff.

ANSWER:   SEE 1. ABOVE

31.    Set forth the full factual basis for the assertion in paragraph 8 the defendant Arnold Eisenberg's activities "were closely controlled by" other defendants.

ANSWER:   SEE 1. ABOVE

32.    Set forth the full factual basis for the assertion in paragraph 8 as to the "sizable sums" of money which Eisenberg had allegedly previously received from other defendants.

ANSWER:   SEE 1. ABOVE

33.    Set forth the full factual basis for the assertion in paragraph 8 as to the manner in which defendant Eisenberg was compensated so as to "reflect the insurance company's success in NOT PAYING CLAIMS".

ANSWER:   SEE 1. ABOVE

34.    Set forth the full factual basis for the assertion in paragraph 8 as to defendant Eisenberg's "wildly unlawful schemes".

ANSWER:   SEE 1. ABOVE

35.    Set forth the full factual basis for the assertion in paragraph 8 as to defendant Eisenberg's being "personally slated to receive one of the highest percentages of monetary benefit among all the individual defendants."

ANSWER:   SEE 1. ABOVE

36.    Set forth the full factual basis for the assertion in paragraph 9 that defendant

Debra Baldwin participated in some concealment of "the intentions of" the other defendants.

ANSWER:   SEE 1. ABOVE

37.    Set forth the full factual basis for the assertion in paragraph 9 that defendant Baldwin participated in some "wildly unlawful scheme".

ANSWER:   SEE 1. ABOVE

38.    Set forth the full factual basis for the assertion in paragraph 9 that defendant Baldwin "was well aware" that other defendants were benefiting from plaintiff's policy premium payments, "but that Atlantic Mutual had no intention of honoring the policy . . . ."

ANSWER:   SEE 1. ABOVE

39.    Set forth the full factual basis for the assertion in paragraph 9 that defendant Baldwin or her employer, Herbert L. Jamison & Co., engaged in wire fraud.

ANSWER:   SEE 1. ABOVE

40.    Set forth the full factual basis for the assertion in paragraph 9 that defendant Baldwin is a "highly paid, high ranking member of the highly profitable Jamison organization", identifying:  (a) the salary of defendant Baldwin; and (b) the profitability of the Jamison organization, for the three (3) years prior to the date of loss.

ANSWER:   SEE 1. ABOVE

41.    Set forth the full factual basis for the assertion in paragraph 9 that the Jamison organization is compensated in some manner that reflects the insurance company's "NOT PAYING CLAIMS."

ANSWER:   SEE 1. ABOVE

42.    Set forth the full factual basis for the assertion in paragraph 9 that defendant Baldwin was "personally . . . slated to receive a materially significant percentage of monetary benefit" if "she could dissuade plaintiff from pressing his claim."

ANSWER:   SEE 1. ABOVE

43.    Set forth the full factual basis for the assertions in paragraph 9 as to communications between the plaintiff and defendant Baldwin, identifying:  (a) the date of each communication; (b) whether same was by telephone or in person; and (c) the textual content of said communication.

ANSWER:   SEE 1. ABOVE

6

44.    Set forth the full factual basis for the assertion in paragraph 10 that Mr. Pullara

"engaged in an on going concealment."

ANSWER:  SEE 1. ABOVE

45.    Set forth the full factual basis for the assertion in paragraph 10 that Mr. Pullara

"was and is compensated" by some means that reflects "the insurance company's success in

"NOT PAYING CLAIMS . . . ."

ANSWER:  SEE 1. ABOVE

46.    Set forth the full factual basis for the assertion in paragraph 10 of Mr. Pullara's

involvement in the "wildly unlawful scheme" of the defendants.

ANSWER:  SEE 1. ABOVE

47.    Set forth the full factual basis for the assertion in paragraph 10 of Mr. Pullara's

involvement in wire or mail fraud.

ANSWER:  SEE 1. ABOVE

48.    Set forth the full factual basis for the assertion in paragraph 11 of the amounts of

money that Edward R. Reilly & Co. was paid over the years by Atlantic Mutual.

ANSWER:  SEE 1. ABOVE

49.    Set forth the full factual basis for the assertion in paragraph 11 that Edward R.

Reilly & Co.'s compensation reflects the insurance company's success in "NOT PAYING

CLAIMS . . . ."

ANSWER:  SEE 1. ABOVE

50.    Set forth the full factual basis for the assertion in paragraph 11 that Edward R.

Reilly & Co. may not have been licensed in New York State to engage in claims activities.

ANSWER:  SEE 1. ABOVE

51.    Set forth the full factual basis for the assertion in paragraph 12 that defendant

Jamison & Co. received "over a hundred million dollars of premium and other income from

Atlantic Mutual over the years . . . ."

ANSWER:  SEE 1. ABOVE

52.    Set forth the full factual basis for the assertion in paragraph 12 that Jamison &

Co.'s income reflects Atlantic Mutual's success in "NOT PAYING CLAIMS . . . ."

ANSWER:  SEE 1. ABOVE

53.    Set forth the full factual basis for the assertion in paragraph 13 that Mr.

Eisenberg's firm "qualifies as a racketeering enterprise under the RICO law."

ANSWER:  SEE 1. ABOVE

54. Set forth the full factual basis for the assertion in paragraph 13 that Mr. Eisenberg's firm "acted in solido with Eisenberg in his wrongdoing and liability . . . ."

ANSWER:  SEE 1. ABOVE

55. Set forth the full factual basis for the assertion in paragraph 13 as to the amounts of money that were paid to Eisenberg's firm by Atlantic Mutual or by Reilly & Co. on behalf of Atlantic Mutual "over the years", identifying the years in question.

ANSWER:  SEE 1. ABOVE

56. Set forth the full factual basis for the assertion in paragraph 13 that Eisenberg's firm's compensation reflected the insurance company's success in "NOT PAYING CLAIMS...."

ANSWER:  SEE 1. ABOVE

57. Set forth the full factual basis for the assertion in paragraph 14 as to the "Defendant's Byzantine secret scheme."

ANSWER:  SEE 1. ABOVE

58. Set forth where Byzantium is.

ANSWER:  QUESTION IS FRIVOLOUS AND OTHERWISE IMPROPER.

59. Set forth the full factual basis for the assertion in paragraph 14 that the "secret scheme", the defendants knew well, "would ultimately cause severe mental distress and emotional harm to the plaintiff."

ANSWER:  SEE 1. ABOVE

60. Set forth, as to paragraph 14, plaintiff's full medical history, including all consultations by the plaintiff at any time with any physician, psychiatrist, psychologist, or other mental health professional, identifying: (a) the date(s) of all such consultations; (b) the reason(s) for said consultation(s); (c) the diagnosis received by the plaintiff following said consultation(s); and (d) any medications taken by the plaintiff for any such condition in the last five (5) years.

ANSWER:  IMPROPER QUESTION

61. Set forth, as to paragraph 14, whether plaintiff has ever filed any other law suits as to any other party making such allegations, setting forth: (a) the name of the case; (b) the court where filed; (c) the index or docket number; (d) the name and address of attorney(s) for the defendant(s); and (e) the current status.

ANSWER:  IMPROPER QUESTION

8

62.    Set forth, as to paragraph 14, the exact financial damage incurred by the plaintiff and how the said damage allegedly related to the defendants' "schemes", identifying:  (a) the plaintiff's income for each of the previous five (5) years before the date of loss; and (b) the plaintiff's income during the years 1996 and 1997.

ANSWER:  THE ENTIRE COMPLAINT, INCLUDING PARA. 15. (a) and (b) ARE IMPROPER QUESTIONS.

63.    Set forth the full factual basis for the assertion in paragraph 14 that the plaintiff "stopped his normal enjoyment of life", identifying with particularity how he enjoyed his life before and exactly how it was that defendants' "secret schemes" prevented him from enjoying his life.

ANSWER:  SEE 1. ABOVE

64.    Set forth, as to paragraph 14, whether the plaintiff had ever, prior to his contact with the defendants, ever been nervous, tense, irritable or excited, identifying, in the previous two (2) years:  (a) when that had occurred; (b) what had triggered those events; (c) any medications taken by the plaintiff in that period of time in regard to such problems; and (d) any medical treatment sought by the plaintiff in regard to such problems.

ANSWER:  PLAINTIFF HAS NO SPECIFIC RECOLLECTION.

65.    Set forth, as to paragraph 19, the precise manner in which the defendants "conceived, refined, embellished upon, conspired to implement and variously perpetrated different aspects of their wildly unlawful scheme", identifying:  (a) each aspect of the "scheme" involved; (b) who perpetrated same; (c) when same was perpetrated; and (d) who met at what times in furtherance of the schemes.

ANSWER:  PLAINTIFF DISCOVERY OF DEFENDANTS HAS NOT YET OCCURRED.

66.    Set forth, as to paragraph 19, each and every "fraudulent cover story" utilized by the defendants to "obfuscate and conceal their real intentions".

ANSWER:  SEE 65. ABOVE

67.    Set forth, as to paragraph 19, Atlantic Mutual's internal compensation arrangements.

ANSWER:  SEE 65. ABOVE

68.    Set forth the full factual basis for the assertion in paragraph 19 as to how Atlantic Mutual's "arrangements" were "arcane".

ANSWER:  SEE 1. ABOVE

9

69.    Set forth the identity of the initiates.
ANSWER:  QUESTION INCOMPREHENSIBLE.

70.    Set forth, as to paragraph 19, the identity of any other policyholders allegedly victimized.
ANSWER:  SEE 65. ABOVE

71.    Set forth, as to paragraph 23, where the "secret Byzantine, wildly unlawful scheme" was hatched, by whom, and how same was communicated among the defendants.
ANSWER:  SEE 65. ABOVE

72.    Set forth the full factual basis for the assertion in paragraph 23 that the defendant Brinkman's letter was "phony".
ANSWER:  SEE 1. ABOVE

73.    Set forth the full factual basis for the assertion in paragraph 23 that the letter was "intended to deceive and coerce plaintiff".
ANSWER:  SEE 1. ABOVE

74.    Set forth, as to paragraph 23, the manner in which the letter was intended to "create a cosmetic cover".
ANSWER:  QUESTION INCOMPREHENSIBLE.

75.    Set forth, as to paragraph 23, the manner in which the scheme "constitutes prima facia RICO fraud", identifying all elements required for such "prima facia" fraud.
ANSWER:  QUESTION INCOMPREHENSIBLE.

76.    Set forth, as to paragraph 24, how defendant Brinkman and other defendants were "clearly anticipating being sued."
ANSWER:  IN NEW YORK OR FEDERAL COURTS.

77.    Set forth, as to paragraph 24, how being sued served to defendants' advantage.
ANSWER:  QUESTION INCOMPREHENSIBLE.

78.    Set forth, as to paragraph 24, the manner in which the date of loss set forth at the top of the letter was "misrepresented", identifying the actual date of loss.
ANSWER:  ACTUAL DATE - JANAUARY 22, 1995.

79.    Set forth, as to paragraph 24, the manner in which Mr. Brinkman's letter was "obviously extortionate on its face."
ANSWER:  QUESTION INCOMPREHENSIBLE.

80.    Set forth, as to paragraph 24, what "an on going RICO extortion memorial" is, and how the letter constituted one.
ANSWER:  SELF-EXPLANATORY; AND, OBVIOUSLY, POSTAL MAILED.

81.   Set forth, as to paragraph 27, how defendants were aware of plaintiff's hypertension.

ANSWER:   HAVING BEEN TOLD.

82.   Set forth, as to paragraph 27, and as to plaintiff's alleged hypertension, the names and addresses of all physicians consulted by the plaintiff in the five (5) years previous to February of 1996 for such hypertension as well as medications taken by the plaintiff during the two (2) years prior to February of 1996.

ANSWER:   GILBERT BLUM, MD, GREAT NECK, N.Y.   INDERAL, ET AL.

83.   Set forth the full factual basis for the assertion in paragraph 29 that defendants "never intended to pay any claims filed."

ANSWER:   SEE 1. ABOVE

84.   Set forth, as to paragraph 29, plaintiff's knowledge as to the dollar volume of claims paid by the insurer defendants in the year 1995.

ANSWER:   QUESTION INCOMPREHENSIBLE.

85.   Set forth, as to paragraph 29, plaintiff's knowledge as to litigation involving the defendants.

ANSWER:   QUESTION INCOMPREHENSIBLE.

86.   Set forth, as to the assertion in paragraph 30 that defendant Jamison "repeatedly reassured plaintiff that plaintiff should not worry" because Jamison "would get plaintiff's claim paid", who at Jamison made such assertion, when said assertion was made, whether same was by telephone or in person, and the complete textual content of said assertion.

ANSWER:   QUESTION PART INCOMPREHENSIBLE; THE THREE JAMISON DEFENDANTS; DURING TELEPHONE CALLS.

87.   Set forth the full factual basis for the assertion in paragraph 30 that said assurances were "fraudulent".

ANSWER:   SEE 1. ABOVE

88.   Set forth the full factual basis for the assertion in paragraph 30 as to the manner in which the plaintiff was injured by any such "fraud".

ANSWER:   SEE 1. ABOVE

89.   Set forth the full factual basis for the assertion in paragraph 34 that the defendants "entered fraudulent information into their various computer systems", identifying the computer system, the alleged defendant, and what information it was that was entered or fraudulent.

ANSWER:   SEE 1. ABOVE

90.    Set forth the full factual basis for the assertion in paragraph 34 that the defendants "entered fraudulent information into their various . . . paper filing systems", identifying the paper filing system, the alleged defendant, and what information it was that was entered or fraudulent.

ANSWER:  SEE 1. ABOVE

91.    Set forth the full factual basis for the assertion in paragraph 34 that information was "altered" or "deleted" or "obliterated".

ANSWER:  SEE 1. ABOVE

92.    Set forth the full factual basis for the assertion in paragraph 34 that the defendants "tampered with accurate information", setting forth what the accurate information was and how the defendants tampered with it.

ANSWER:  SEE 1. ABOVE

93.    Set forth the full factual basis for the assertion in paragraph 37 that Mr. Brinkman resorted to "wild mail fraud and libel".

ANSWER:  SEE 1. ABOVE

94.    Set forth the full factual basis for the assertion in paragraph 37 that Mr. Brinkman's report was "wild".

ANSWER:  SEE 1. ABOVE

95.    Set forth the full factual basis for the assertion in paragraph 38 as to the defendants' alleged "fraudulent maneuvering".

ANSWER:  SEE 1. ABOVE

96.    Set forth, as to paragraph 38, the full particulars as to the defendants' "conspiracy".

ANSWER:  QUESTION INCOMPREHENSIBLE.

97.    Set forth, as to paragraph 38, the reasons why the defendants allegedly had "an intent to punish the plaintiff".

ANSWER:  QUESTION BLATANTLY FRIVOLOUS AND ABUSIVE.  PARA. 38 IS SELF-EXPLANATORY.

98.    Set forth, as to paragraph 39, the manner in which the defendants sought to set plaintiff up for "ridicule".

ANSWER:  QUESTION INCOMPREHENSIBLE.

99.    Set forth, as to paragraph 39, the manner in which the defendants sought to set up plaintiff for "scorn".

ANSWER:  QUESTION INCOMPREHENSIBLE.

12

100.    Set forth, as to paragraph 39, the manner in which defendants "have held him [plaintiff] up to ridicule and scorn."

ANSWER:  QUESTION INCOMPREHENSIBLE.

101.    Set forth, as to paragraph 39, any "lawyers", "judges", or "jurors" to whom the plaintiff has been held up to "ridicule or scorn".

ANSWER:  DEFENDANTS' VARIOUS LAWYERS; JUDGES SOTO, AND ABDUS-SALAAM.

102.    Set forth, as to paragraph 39, the manner in which the plaintiff "lost vital sleep", identifying the ordinary sleeping hours of the plaintiff and his now sleeping hours as result of the defendants' alleged activity.

ANSWER:  BY FITFULLY, REPEATEDLY NOT SLEEPING AT LEAST 8 NORMAL HOURS, WORRYING. BECOMING ERATIC, IRREGULAR, INCOMPLETE, NOT REFRESHING.

103.    Set forth, as to paragraph 39, the manner in which the defendants' sought "a de facto permanent waiver from plaintiff of his rights".

ANSWER:  BY INTENTIONALLY LYING, MISLEADING, MISREPRESENTING AND DEFRAUDING; E.G. LEGAL DEADLINES.

104.    Set forth with particularity the manner in which the plaintiff has calculated his damages claimed in each of the ten causes of action.

ANSWER:  QUESTION INCOMPREHENSIBLE.

---

Plaintiff's response is without prejudice, and all rights, without exception, reservation or qualification are reserved, and no waivers, constructive or otherwise, have, are or will be granted.

DATED:  NEW YORK, NEW YORK
        September 17th, 1999

                                        David Gordon
                                        Plaintiff Pro Se
                                        444 East 82nd Street
                                        New York, New York  10028
                                        212 628-6051

BY CERTIFIED MAIL, RETURN RECEIPTS

TO:  Gennett, Kallmann, Antin & Robinson
     Attorneys for Defendants
     Charles Brinkman, Charles J. Reilly,
     Jr., Arnold Eisenberg, Edward R.
     Reilly & Co., Inc., Long Island
     Carpet Cleaners, Inc., Centennial
     Insurance Company and Atlantic
     Mutual Insurance Company
     45 Broadway Atrium
     New York, New York  10006

                                        Wilson, Elser, Moskowitz
                                        Edelman & Dicker
                            and         Attorneys for Defendants
                                        Debra Baldwin, John Pullara,
                                        and Herbert L. Jamison & Co.
                                        150 East 42nd Street
                                        New York, New York  10017

13

*David Gordon*

DAVID GORDON
Plaintiff Pro Se
444 East 82nd Street
New York, New York  10028
212 628-6051

Sworn To Before Me This 17th
Day Of September, 1999

Notary Public

.... .. VEZNER
..OTARY PU...., State of New York
....3T-4...0510
Cuslifie in New York County
Commission Expires Oct. 31, 1999

14

# EXHIBIT G

LAW OFFICES

# GENNET, KALLMANN, ANTIN & ROBINSON

### A PROFESSIONAL CORPORATION

6 Campus Drive
Parsippany, NJ 07054-4406

Stanley W. Kallmann * †
Mark L. Antin ◊ †
Harry Robinson, III * †
Richard S. Nichols †

(973) 285-1919
FAX (973) 285-1177
E-MAIL gkar@nac.net

William G. Hanft ◊
Thomas J. Olsen, IV ○
Francie E. Joseph
Paul A. Tumbleson *

* Member NJ & NY Bars
◊ Member NJ, NY & FL Bars
○ Member NJ, NY & PA Bars
† Certified Civil Trial Attorney

Litman Suite
45 Broadway Atrium
New York NY 10006
(212) 406-1919

Samuel A. Gennet
(1936-1998)

**Please Reply to Parsippany**

October 18, 1999

Mr. David Gordon
444 East 82nd Street
New York, New York 10028

> Re:  David Gordon vs. Charles Brinkman, etc.
> Index No. 605662/97
> Our File No.: 98-4150:118/40-K

Dear Mr. Gordon:

As you are aware, by Order dated August 12, 1999, the Court directed you to comply with all outstanding discovery in the above action. We are in receipt of your Verified Bill of Particulars and responses to various discovery demands and reject them as inadequate. These documents do not respond with specificity to the questions raised by our demands, as required under New York's C.P.L.R.

Please provide us with a responsive Bill of Particulars as well as additional discovery responses within the next 20 days to avoid our having to resort to additional motion practice.

I look forward to hearing from you.

Very truly yours,

GENNET, KALLMANN, ANTIN & ROBINSON, P.C.

By: _____

PAUL A. TUMBLESON

PAT:dar
cc: Wilson, Elser, et al.

# EXHIBIT H

# Civil Court of the City of New York

COUNTY OF _New York_

_Special Term_ Part _I_

David Gordon

_Petitioner(s)/Plaintiff(s)_

against

Charles Brickman, et al.

_Respondent(s)/Defendant(s)_

Index No. _39 TSN 99_

Motion Calendar No.: _91 + 92_

Motion Sequence No.: _____

## DECISION/ORDER

Present:
Hon. _HON. PAUL G. FEINMAN_

_Judge, Civil Court_

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this Motion to: _dismiss_

| Papers | Numbered |
|--------|----------|
| Notice of Motion and Affidavits Annexed ........................... | _1A 1B_ |
| Order to Show Cause and Affidavits Annexed ........................... | _____ |
| Answering Affidavits .......................................... | _____ |
| Replying Affidavits............................................ | _____ |
| Exhibits ..................................................... | _____ |
| Other _Notice of Cross-Motion_ | _2_ |

Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

The motion to dismiss the plaintiff's complaint is granted unless plaintiff complies with all outstanding discovery requests within 10 days. Any documents must be provided with [struck] return receipt requested and 1st class mail with proof of mailing.

FILED

MAR 0 9 2000
NEW YORK COUNTY
CIVIL COURT

_3-8-00_

Date

_Judge, Civil Court_

Adjournments

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |

CIV-GP-85 (1/90) (Replaces 43-2030 & 43-2030 ST)

# EXHIBIT I

At an Appellate .....n of the Supreme Court, First Department
Held at the Court House, Borough of Manhattan,
City of New York, on the _8/14_ day of March 2001

Present: - Hon. Stanley Parness,    P.J..

      "  William P. McCooe,

      "  William J. Davis,    Justices

---

**David Gordon**

           Plaintiff/Appellant

          -against-

**Charles Brinkman**, Charles J. Reilly, Jr., Arnold
Eisenberg, Debra Baldwin, John Pullara, Edward
R. Reilley & Co., Inc., Long Island Carpet
Cleaners, Inc., Herbert L. Jamison & Co.,
Centennial Insurance Company and Atlantic Mutual
Insurance Company,

          Defendants/Respondents

N.Y. County Clerk's # 570163/01

ORDER ON MOTION
AND
CROSS MOTION

N Y Civil Court index # 39TSN99

---

The above named Defendants-Centennial Insurance Co, Atlantic Mutual Insurance Co, Charles J. Reilly, Jr., Edward R. Reilly & Co., Inc., Charles Brinkman, Arnold Eisenberg, and Long Island Carpet Cleaners, Inc. having by notice of motion, dated the 15th day of February 2001, moved for an order dismissing the plaintiff's appeal for failure to perfect and for other relief.

The above named Plaintiff-Appellant having by notice of cross motion, dated the 24th day of February 2001, cross-moved for an order striking all the Defendants/respondents' pleadings, holding all the defendants/respondents and their attorneys in contempt and otherwise sanctioning them and dismissing the motion, returnable March 5, 2001

The above named Defendants-Debra Baldwin, John Pullara and Herbert L. Jamison & Co. having by notice of cross-motion, dated the 1st day of March 2001,cross-moved for an order dismissing plaintiff's appeal for failure to perfect and for other relief,

Now upon reading and filing said notice of motion and cross motion the statement of Paul A. Tumbleson, affirmed the 15th day of February 2001, and papers annexed in favor of said motion and in opposition to plaintiff's cross motion, and the affidavit of David Gordon, sworn to on the 24th day of February 2001, and the papers annexed in opposition to defendants-respondents motion and in favor of plaintiff's cross motion, and the statement of Alba Allessandro, affirmed the 1st day of March 2001, and the papers annexed in favor of their own cross motion,

**It is Ordered** that said motion and crossmotion by defendants to dismiss the plaintiff's appeal from the September 15, 2000 order of the Civil Court is granted unless the appeal is perfected by the June term - filing deadline is April 12, 2001.
In the event of appellant's failure to comply with the foregoing condition, respondents may move on five days notice for an order dismissing the appeal, pursuant to 22 NYCRR 640.6.

The cross-motion by plaintiff for various relief is denied.

                Enter,

                Justices, Appellate Term
                Surpeme Court, First Department

# EXHIBIT J

FILE COPY

At an Appellate Term of the Supreme Court, First Department
Held at the County, Borough of Manhattan,
City of New York, on the 9TH day of July 2001

Present: - Hon. William P. McCooe,    J.P.

       "    William J. Davis,

       "    Lucindo Suarez,    Justices

NY County Clerk's #570163/01

---

David Gordon,

                Plaintiff-Appellant
          -against-

**Charles Brinkman,** Charles J. Reilly, Jr., Arnold
Eisenberg, Debra Baldwin, John Pullara, Edward
R. Reilley & Co., Inc., Long Island Carpet
Cleaners, Inc., Herbert L. Jamison & Co.,
Centennial Insurance Company and Atlantic Mutual
Insurance Company,

                Defendants-Respondents,

ORDER ON MOTION
AND
CROSS MOTIONS

---

The above named Defendants-Charles Brinkman, Charles J. Reilly, Jr., Arnold Eisenberg, Edward R. Reilly & Co., Inc., Long Island Carpet Cleaners, Inc., Centennial Insurance Company and the Atlantic Mutual Insurance Company, having by notice of motion, dated the 20th day of June 2001, moved for an order dismissing the appeal of the September 15, 2000 Civil Court order for failure to perfect.

The above named Defendants-Debra Baldwin, John Pullara and Herbert L. Jamison & Co., having by notice of cross motion, dated the 26th day of June 2001, cross-moved for an order dismissing the appeal for failure to perfect, and for other relief.

The above named Plaintiff-Appellant having by notice of cross motion, dated the 25th day of June 2001, cross-moved for an order striking all the Defendants-Respondents' pleadings, with prejudice, and for other relief.

Now upon reading and filing said notice of motion and cross motion the statement of Paul A. Tumbleson, affirmed on the 20th day of June 2001, and papers annexed in favor of said motion and in opposition to plaintiff's cross motion, and the statement of Alba Allessandro, affirmed on the 26th day of June 2001, and the papers annexed in support of said motion and their cross motion, and the affidavit of David Gordon, sworn to on the 25th day of June 2001, and the papers annexed in opposition to said motion and to defendants' crossmotion and in favor of his own cross motion,

**It is Ordered** that said motion and cross-motion by defendants to dismiss the appeal from the September 15, 2000 order of the Civil Court is granted. The appellant has failed to comply with the Rules of this Court and the order of this court, dated March 8, 2001. [see 22 NYCRR § 640.6].
    Accordingly, the appeal is dismissed.
The cross-motion for various relief is denied.

Enter,

Justices, Appellate Term,
Surpeme Court, First Department

# EXHIBIT K

98-4150 · 118/40-1

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on November 15, 2001.


PRESENT - Hon. Richard T. Andrias,              Justice Presiding,
                Richard W. Wallach
                David B. Saxe
                David Friedman,                  Justices.


-------------------------------------------X
David Gordon,
            Plaintiff-Appellant,

            -against-                             M-5817
                                                 Index No. 570163/01
Charles Brinkman, Charles J. Reilly, Jr.,
Arnold Eisenberg, Debra Baldwin, John
Pullara, Edward R. Reilley & Co., Long
Island Carpet Cleaners, Inc., Herbert L.
Jamison & Co., Centennial Insurance
Company and Atlantic Mutual Insurance
Company,
            Defendants-Respondents.
-------------------------------------------X


        Plaintiff-appellant having moved for leave to appeal
to this Court from an order of the Appellate Term entered in
the office of the Clerk of the Supreme Court on or about
August 22, 2001,

        Now, upon reading and filing the papers with respect to
the motion, and due deliberation having been had thereon,

        It is ordered that the motion is denied, with $100
costs.


                        ENTER:



                        Catherine O'Hagan Wolfe
                              Clerk.

# EXHIBIT L

CPL033

36/21

Civil Court of the City of New York

County of NY

Part 34

David Gordon

Claimant(s)/Plaintiff(s)/Petitioner(s)

against

Charles Brinkman

ET AL

Defendant(s)/Respondent(s)

Index Number 77599

Motion Cal. # _____   Motion Seq. # _____

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | ____ |
| Order to Show Cause and Affidavits Annexed..... | ____ |
| Answering Affidavits ................................ | ____ |
| Replying Affidavits.................................... | ____ |
| Exhibits ................................................. | ____ |
| Other...................................................... | ____ |

FILED

Upon the foregoing cited papers, the Decision/Order on this Motion to

MAY 18 2005

NEW YORK COUNTY
CIVIL COURT

is as follows:

Defendant's motion and plaintiff cross-motion are granted on consent to the following extent:

1) Plaintiff shall appear for an examination before trial on June 23, 2005 at 10:00am in defendant's counsel's office;

2) Defendants shall respond to plaintiff further production request which shall be served on defendant's counsel by 5/27/05 and responded to by 6/23/05 at the EBT and expert witness demand to be responded by May 27, 2005; and

3) the trial shall be held on (August 23, 2005.)

5/18/05
Date

SHLOMO S. HAGLER
Judge, Civil Court    JUDGE, CIVIL COURT

CIV-GP-45 (Revised, September, 1999)