# EXHIBIT M

# GENNET, KALLMANN, ANTIN & ROBINSON, P.C.

Stanley W. Kallmann * †
Mark L. Antin ◊ †
Richard S. Nichols †
Donald G. Sweetman ○

Samuel A. Gennet
(1936-1998)

◊ Member NY Bar
* Member NJ & NY Bars
□ Member NJ & PA Bars
◊ Member NJ, NY & FL Bars
○ Member NJ, NY & CT Bars
† Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney

6 Campus Drive
Parsippany NJ 07054-4406

(973) 285-1919
FAX (973) 285-1177
gkar@gkar-law.com

Litman Suite
45 Broadway Atrium
New York NY 10006
(212) 406-1919

101 East Lancaster Avenue  Suite 304
Wayne PA 19087
(610) 902-0150
FAX (610) 902-0152
bridgelaw@msn.com

William G. Hanft ◊
Brian J. Bolan *
Michael S. Leavy ◊
Thomas R. King *
Brian A. Scotti *

Harry Robinson, III
(1973-2000)

PA Managing Attorney
Mark M. Bridge (Of Counsel)
Nancy E. Longo

**www.gkar-law.com**

June 17, 2005

*via regular & Certified Mail*

Mr. David Gordon
444 East 82nd Street, Apt. 34B
New York, New York 10028

> Re:    David Gordon vs. Charles Brinkman, etc.
>          Index No.      : 605662/97
>          Our File No.  : 98-4150:118/40-B

Dear Mr. Gordon:

I am in receipt of your May 24, 2005 Notice to Produce, and I hereby reject same.

Firstly, you are requesting information from an alleged "seven named defendants". As you know, claims against all parties have been dismissed except those made by you against Centennial Insurance Company and Atlantic Mutual Insurance Company. Requesting information from me of those parties is not appropriate in this demand.

Secondly, on October 13, 2000, we complied with Judge Feinman's Order dated September 15, 2000, and enclosed a complete copy of the claims file maintained by Atlantic Mutual Insurance Company in connection with your claim, together with the complete file maintained by Edward R. Reilly & Co., Inc. We did redact privileged attorney-client communications from those files to which you are not entitled. Also attached to the October 13, 2000 letter were affidavits duly sworn to by Charles Brickman, Charles T. Reilly, Jr. and Arnold Eisenberg confirming that none of these former individual defendants or their corporate defendants, Centennial Insurance Company and Long Island Carpet Cleaners Inc., maintained separate files in connection with this claim.

June 29, 2005

Mr. David Gordon
44 East 82nd Street, Apt. 34B

Page Number 2

       As far as discovery information provided to you, we have complied with all discovery demands and prior orders and you are in possession of everything we have.

       Further, on March 12, 1998, this firm served upon you a Demand for a Verified Bill of Particulars. My review of the file indicates that you have never responded to same, despite the fact that it has been previously ordered by the Court. Please provide same within the next ten (10) days or I will be forced to make yet another motion requesting dismissal of your action based on your failure to respond to our discovery demands.

       Should you have any questions, please do not hesitate to contact the undersigned.

       Very truly yours,

       GENNET, KALLMANN, ANTIN & ROBINSON, P.C.


       By:
           BRIAN J. BOLAN

BJB:smf

# EXHIBIT N

CIVIL COURT OF THE CITY OF NEW YORK
NEW YORK COUNTY:                PART 34
------------------------------------------------------------ X

DAVID GORDON,

                            Plaintiff,

                - against -

CHARLES BRINKMAN, CHARLES J. REILLY, JR.,
ARNOLD EISENBERG, DEBRA BALDWIN, JOHN
PULLARA, EDWARD R. REILLY & CO., INC.,
LONG ISLAND CARPET CLEANERS. INC.,
HERBERT L. JAMISON & CO., CENTENNIAL
INSURANCE COMPANY and ATLANTIC MUTUAL
INSURANCE COMPANY,

                            Defendants.

------------------------------------------------------------ X

Index No. 39 TSN 1999
Mo. Cal. 2/8/06
Papers: Privilege Log and Sealed
Paper(1), Objections (2, 3 and 4),
Misc. Letters (5-9)

**DIANE A. LEBEDEFF, J.C.C.:**

Plaintiff David Gordon, appearing *pro se*, moves to strike defendants' answer for what he

describes as "intentionally, willfully disobeying" discovery orders (CPLR 3216) and for costs and

sanctions, which motion is treated as papers supplementing a motion already before this judge,

for reasons stated below.

Originally, the court was presented with the instant motion and the remaining defendants,

Atlantic Mutual Insurance and Centennial Insurance Company (collectively, "Atlantic

defendants") cross-moved to strike the complaint, to compel plaintiff to respond to defendant's

demand for a verified bill of particulars and for sanctions (CPLR 3126; CPLR 3024).  The

motion and cross-motion were the subject to an interim order, dated November 21, 2005.

-1-

The interim order restored this matter to the calendar on February 8, 2006. The interim order also required defendants to serve a supplemental demand for a bill of particulars -- which was subsequently served in December of 2005 -- and directed plaintiff to respond to said demand, and required defendants to respond to plaintiffs' outstanding discovery demands. It was noted that the only documents reported not to have been furnished were documents claimed to be privileged; in relation to such documents, the court directed that a privilege log be sent to plaintiff and be supplied to chambers for an *in camera* inspection (CPLR 3122 [b]). Plaintiff's deposition was held in abeyance.

The defendants have submitted the privilege log and the document claimed to be privileged, and the plaintiff has presented what is denominated a "notice of motion" and two supplementary affidavits (January 24, 2006, and February 8, 2006), which the court will treat as objections to the privilege log and claim of privilege. Based upon this material, the court issues this final decision.

In relation to the debate regarding the single letter claimed to be privileged, this court reviewed the document. The document is a single paragraph letter dated February 25, 1998, and is a transmittal letter from defendant Atlantic Mutual Companies to its counsel, Gannet, Kallmann, Antin & Robinson. The letter is privileged (*Surgical Design Corp. v. Correa*, 21 A.D.3d 409, 410 [2d Dept. 2005], "letters from the plaintiff's Brazilian counsel to the plaintiff . . . . were presumptively privileged" and, which is not at issue, recognizing exception for communications which "relate to client communications in furtherance of a fraudulent scheme"; *New York Times Newspaper Div. of New York Times Co. v. Lehrer McGovern Bovis, Inc.*, 300 A.D.2d 169, 171 [1st Dept. 2002], applying privilege to transmittal letter, "The privilege applies

-2-

to communications from the client to the attorney when the communication is made for the purpose of obtaining legal advice and directed to an attorney who has been consulted for that purpose" [internal quotation marks omitted]).

The court is satisfied that the privilege log -- despite its typographical errors -- was received by plaintiff well prior to the submission of the motion, as is admitted in the plaintiff's affidavit of December 31, 2005. The document at issue has been sealed and enclosed in a sealed envelope attached to the privilege log, both of which shall be sent to the court file with the papers itemized above. Defendants submitted no request that the privileged material be treated in any other fashion, although they were permitted to make such a request.

In the exercise of its discretion, the court declines to impose sanctions on defendants.

To the best of the court's knowledge, all issues raised in the original motion presented to this judge have been resolved by the interim decision or this decision. Plaintiff must respond to the demand for the supplemental bill of particulars and then, upon notice of a date set for his deposition, is directed to appear for deposition. It is recommended that the deposition be held in the courthouse.

This decision constitutes the order of the court.

Dated: May 25, 2006

/S/
_____
                              J.C.C.

# EXHIBIT O

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: Part 34

------------------------------------------------------------X

DAVID GORDON,                                   Index #000039/99 (ts)

                                                Motion Cal. #

            Plaintiff,                          Motion Seq. #

                                                DECISION/ORDER

      -against-                                 Present:

                                                Hon. Geoffrey Wright

CHARLES BRINKMAN, CHARLES J. REILLY, JR.,Judge, Civil  Court
ARNOLD EISENBERG, DEBRA BALDWIN,
JOHN PULLARA, EDWARD R. REILLY & CO., INC.,
LONG ISLAND CARPET CLEANERS, INC.,
HERBERT L. JAMISON & CO., CENTENNIAL INSURANCE COMPANY,
and ATLANTIC MUTUAL INSURANCE COMPANY,

            Defendant.

------------------------------------------------------------X

      Recitation, as required by CPLR 2219(a), of the papers considered in the review of
this Motion to: grant summary judgment dismissing the complaint; cross-motion to strike the
Defendants' pleadings

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion, Affidavits & Exhibits  Annexed | |
| Order to Show Cause, Affidavits & Exhibits  Annexed | |
| Answering Affidavits & Exhibits Annexed | |
| Replying Affidavits & Exhibits Annexed | |
| Other (Cross-motion) & Exhibits Annexed | 2 |

FILED

APR -6 2007

NEW YORK COUNTY
CIVIL COURT

      Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

      The  Defendant Insurance  companies  move  to  dismiss  the  complaint  due  to  the

66

Plaintiff's failure to promptly report his claim or to commence this law suit within two years of the date of the loss.

The loss in this case was due a flood in the Plaintiff's apartment. The flood occurred on or about January 22, 1995. The Defendant asserts that the Plaintiff did not advise his insurance carrier about the casualty until February 23, 1996, some thirteen months later. In addition, this law suit was commenced on or about November 5, 1997, in the Supreme Court, some two years and ten months after the flood.

The language of the policy in question is definite about a time limit on law suits. As cited by the Defendants in making this motion, paragraph 8, of Section 1-Conditions, of the policy provides, in simple language, that "no action can be brought unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing the loss or damage." In paragraph 2, of the same section, the policy requires, without a specific time frame, that the policy holder "a. Give immediate notice..." The natural argument is that thirteen months between the loss and the report of loss cannot qualify as immediate. Under these circumstances, argue the Defendants, the Plaintiff has waived his right to sue for coverage.

In opposition, the Plaintiff offers a cross-motion which seeks to punish the Defendants for unspecified transgressions that are at best set forth in conclusory language and not supported by allegations of fact.

Further, and more important to the determinations of these motions, the Plaintiff does not focus on the two simple fact issues raised by the Defendants: (1) the date when the loss was first reported to the insurance company and (2) the date the law suit was commenced.

As to the first question of fact, the Plaintiff appears to make the argument that he reported the loss to his insurance broker. This argument is without any discussion by either side, as to the status of the broker as an agent of the insurer for the purpose of reporting losses.

Whenever the law suit may have been commenced, I see a two-prong standard that must be satisfied by the Plaintiff: (1) the law suit must be started within two years of the casualty and (2) even before that time frame, the loss itself must be reported promptly. That is, even where a law suit is brought within the specified time frame of the policy, it is in risk

67

of summary dismissal where the loss was not reported promptly. Admittedly, the claimant can find no guidance in the policy, but a wait of a year prior to first informing the insurer of the loss has never been found acceptable. [*CASS v. AMERICAN GUARANTEE & LIABILITY INS. Co.*, Slip Copy, 13 Misc.3d 1238(A), 2006 WL 3359664 (N.Y.Sup.), 2006 N.Y. Slip Op. 52169(U); *AMERICAN INS. CO. V. FAIRCHILD INDUS INC*, Slip Copy, 13 Misc.3d 1238(A), 2006 WL 3359664 (N.Y.Sup.), 2006 N.Y. Slip Op. 52169(U), "Under New York law, delays for one or two months are routinely held unreasonable" ']; American Home Assur. Co. v. Republic Ins. Co., 984 F.2d 76 [2d Cir], cert denied 508 U.S. 973 [1993] [same]; see e.g. M..Z. Discount Clothing Corp. v. Meyninger, 23 F Supp 2d 270, 272 [ED N.Y.1998] [over 10-day delay is not immediate]; Chicago Ins. Co. v. Borsody, 165 F Supp 2d 592, supra [40-day delay unreasonable]; Goodwin Bowler Assocs., Ltd. v. Eastern Mut. Ins. Co., 259 A.D.2d 381, 687 N.Y.S.2d 126 [1st Dept 1999] [two-month delay unreasonable]; Pandora Indus., Inc. v. St. Paul Surplus Lines Ins. Co., 188 A.D.2d 277, 590 N.Y.S.2d 471 [1st Dept 1992] [31-day delay unreasonable]; Republic New York Corp. v. American Home Assur. Co., 125 A.D.2d 247, 509 N.Y.S.2d 339 [1st Dept 1986] [45-day delay unreasonable] ).

On both of the questions presented to me, the Plaintiff has failed to offer a concise and/or cogent response. By any reading of the facts that must be considered in deciding the motion, the Plaintiff has been mute, or unpersuasive. Accordingly, I grant the motion and dismiss the complaint.

The foregoing constitutes the decision and order of the Court.

GEOFFREY D. WRIGHT
JUDGE, CIVIL COURT

Dated: March 26, 2007

68

# EXHIBIT P

At an Appellate Term of the Supreme Court, First Department
Held at the Court House, Borough of Manhattan,
City of New York, on the ___11th___ day of September 2007

Present: - Hon.  William  P.  McCooe,  J.P.,

        "    Martin  Schoenfeld,

        "    Sherry  Klein  Heitler,   Justices

---

| | |
|---|---|
| David Gordon,<br>    Plaintiff-Appellant<br>        -against-<br>Charles Brinkman, Charles J.Reilly, Jr.,<br>Arnold Eisenberg, Debra Baldwin, John<br>Pullara, Edward R.Reilly & Co., Inc.,<br>Long Island Carpet Cleaners, Inc.,<br>Herbert L.Jamison & Co., Centennial<br>Insurance Company and Atlantic Mutual<br>Insuance Company,<br>    Defendants-Respondents | N.Y. County Clerk's # 570612/07<br>N. Y. Civil Court Index #39TSN/99<br>**ORDER ON MOTION**<br>AND<br>**CROSS- MOTION**<br><br>**F I L E D**<br><br>SEP 12 2007<br><br>**NEW YORK<br>COUNTY CLERK'S OFFICE** |

The above named defendants-respondents  having by notice of motion, dated  August 13,  2007, moved for an order dismissing the appeal of plaintiff-appellant for failing to perfect this appeal within the time provided by the Court's Rules and for further relief.

The above named plaintiff-appellant having by notice of cross-motion, dated   August 22, 2007, cross-moved for an order denying, with prejudice, defendants' motion and for other relief.

Now upon reading and filing the notices of motion and cross-motion and the statement of  Brian J. Bolan, affirmed on  August 13,  2007, and the papers annexed in favor of the motion and in opposition to the cross-motion, and  the affidavit of David Gordon, sworn to on  August 22, 2007, and the papers annexed  in opposition to the motion and in favor of the cross-motion,

**It is Ordered** that the motion and cross motion are consolidated for disposition.

In the event  the appeal is not  perfected  by the January 2008 term  - the filing deadline is November 14, 2007,  the respondents  may move on five days' notice for an order dismissing  the appeal for failure to diligently prosecute .  [ see 22 NYCRR § 640.6 ].

                Enter,

                Justice, Appellate Term,
                Supreme Court, First Department

# EXHIBIT Q

At an Appellate Term of the Supreme Court, First Department
Held at the Court House, Borough of Manhattan,
City of New York, on the   *13*   day of December 2007

Present: - Hon.   William J. Davis,   J.P.

        "     Martin Schoenfeld,

        "     Sherry Klein Heitler,  Justices

| | |
|---|---|
| David  Gordon,<br>      Plaintiff-Respondent<br>        -against-<br>Charles Brinkman, Charles J.Reilly,Jr.,<br>Arnold Eisenberg,Debra Baldwin, John<br>Pullara, Edward R.Reilly & Co.,Inc.,<br>Long Island Carpet Cleaners, Inc.,<br>Herbert L.Jamison & Co., Centennial<br>Insurance Company and Atlantic Mutual<br>Insurance Company<br>      Defendant-Appellant | N.Y. County Clerk's # **570612/07**<br>N.Y. Civil Court Index # 39TSN/99<br>**ORDER ON  MOTION** |

The above named defendants-respondents having by  notice of motion, dated  November 29, 2007, moved for an order dismissing the appeal for failing to perfect this appeal within the time provided by the Court's Rules and for other relief.

The above named plaintiff-appellant, having by notice of cross-motion, dated  December 3, 2007, cross-moved for an order denying the respondents' motion and for various other relief.

Now upon reading and filing the notices of motion and cross-motion and the statement of Brian J. Bolan, affirmed on  November 29, 2007, and  the papers annexed in favor of the motion, and the affidavit of  David Gordon, sworn to on December 3, 2007, and the papers annexed  in opposition to the motion and  in support of the cross-motion,

**It is Ordered** that the motion to dismiss is granted unless the appeal is argued or submitted by no later than the March 2008 term  - the filing deadline is January 9, 2008.

No further extension of time will be granted in this appeal from an order dated April 6, 2007.

In the event of appellant's failure to comply with the foregoing condition, the respondents may renew this application, on five days' notice,  for an order dismissing the appeal. ( see 22 NYCRR § 640.6 )

The cross-motion is denied  as untimely.  ( CPLR § 2215 and 2103[b][2] )

                        Enter,

                        Justice, Appellate Term
                        Supreme Court, First Department

# EXHIBIT R

At an Appellate Term of the Supreme Court, First Departme
Held at the Court House, Borough of Manhattan,
City of New York, on the ꝺ-ꝺ day of January 2008

Present: - Hon.  William  J. Davis,  J.P.,

       "  Martin  Schoenfeld,

       "  Sherry  Klein  Heitler,  Justices

---

David Gordon,
       Plaintiff-Appellant
       -against-
Charles Brimkman, Charles J. Reilly,Jr.,
Arnold Eisenberg,Debra Baldwin, John
Pullara, Edward R.Reilly & Co., Inc.,
Long Island Carpet Cleaners, Inc.,
Herbert L.Jamison & Co., Centennial
Insurance Company and Atlantic Mutual
Insurance Company,
       Defendants-Respondents

N.Y. County Clerk's # **570612/07**
N. Y. Civil Court Index #39TSN/99
**ORDER ON MOTION**

---

The above named defendants-respondents having by notice of motion, dated January 10, 2008, moved for an order dismissing the appeal of plaintiff-appellant for failing to perfect this appeal within the time provided by the Court's Rules and for further relief.

The above named plaintiff-appellant having by notice of cross motion, dated January 16, 2008, cross-moved for an order enlarging the appellant's time to perfect the appeal and for other relief.

Now upon reading and filing the notices of motion and cross-motion, and the statement of Brian J. Bolan, affirmed on January 10, 2008, and the papers annexed in favor of the motion and in opposition to the cross motion, and the affidavit of David Gordon, sworn to on January 16, 2008, and the papers annexed in opposition to the motion and in favor of the cross motion,

**It is Ordered** that the motion is granted. The appeal is dismissed.

The appellant has failed to comply with the rules of this court and two (2) prior conditional dismissal orders of this court, the last one was marked " final ".           Accordingly, the appeal is dismissed.
( see 22 NYCRR § 640.6 )

The papers submitted as a cross-motion, not having been timely served, were considered solely in opposition to the motion. ( see CPLR § 2215 and 2103[b][2] ).

            Enter,

Justice, Appellate Term
Supreme Court, First Department

# EXHIBIT S

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

DAVID GORDON and JACQUELINE SWISKEY,

Plaintiffs,

vs.

BRIAN PALUMBO, NILES WELIKSON, HORING
WELIKSON & ROSEN, P.C., CAROLE A. FEIL,
as Executors of the Estate of LOUIS FEIL, CAROLE A.
FEIL and JEFFREY FEIL, d/b/a CLERMONT YORK
ASSOCIATES and BROADWALL MANAGEMENT
CORPORATION, ANDREW RATTNER, VIVIAN
TOULIATOS, ABERILL, JOSE ANTONIO (a/k/a TONY)
RUIZ, CARLOS GUEVARA, CARL LIEBERMAN,
NANCY S. LIEBERMAN (a/k/a NANCY S. LITTMAN),
BRETT LIEBERMAN, JAY ANDERSON and JAY
ANDERSON, as Trustee of THE FEIL FOUNDATION,
ALAN ROSENBLOOM, NICOLE L. GOZ, BERNARD J.
GOZ, BELLA M. GOZ (a/k/a BELLA M. MEIKSON),
STANLEY KALLMANN, BRIAN J. BOLAN, GENNET
KALLMANN ANTIN & ROBINSON, P.C., AMERICAN
INTERNATIONAL GROUP and ATLANTIC MUTUAL
INSURANCE COMPANY,

Defendants.

: Case Number: 07-CV-6624 (PKC)

---

## DECLARATION OF STANLEY W. KALLMANN, ESQ. IN SUPPORT OF DEFENDANTS STANLEY KALLMANN, BRIAN J. BOLAN, GENNET KALLMANN ANTIN & ROBINSON, P.C., AND ATLANTIC MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

STANLEY W. KALLMANN, ESQ., an attorney duly licensed to practice law in the State of New York and a member of the bar of this Court, declares the following under penalties of perjury:

1.      I am an attorney at law of the State of New York, duly admitted to the United States District Court for the Southern District of New York, and a senior partner of the law firm of Gennet, Kallmann, Antin & Robinson, P.C.   Plaintiffs have named me, individually, in this action, together with the law firm of Gennet, Kallmann, Antin & Robinson, P.C., my associate Brian J. Bolan, Esq., and Atlantic Mutual Insurance Company, all of whom are defended by this firm.  I make this affirmation in support of the aforementioned defendants' motion to dismiss pursuant to Rule 12(b)(6).

2.      I make this affirmation from my personal knowledge.

3.      As outlined in the affirmation of Brian J. Bolan, Esq., accompanying this motion, Atlantic Mutual Insurance Company retained Gennet, Kallmann, Antin & Robinson, P.C., to defend it in a first-party insurance action venued in New York State court, which was filed by David Gordon following a water loss which he alleged occurred at his residence.

4.      The present action by plaintiffs David Gordon and Jacqueline Swiskey alleges violations of the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; the Fair Housing Act, 42 U.S.C. § 3601, *et seq*.; and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, in addition to alleged unspecified claims governed by state law.

5.      There is no allegation in the Amended Complaint that either I or Gennet, Kallmann, Antin & Robinson, P.C., had ownership of, interest in, or control over the building containing plaintiffs' apartment at 444 East 82nd Street, New York, New York.

6.      Neither Gennet, Kallmann, Antin & Robinson, P.C. nor I have ever had ownership of, interest in, or control over the building containing plaintiffs' apartment at 444 East 82nd Street, New York, New York.

7.     Further, there is no factual contention in the Amended Complaint that I, or my firm, engaged in any activity which would demonstrate a violation of the RICO statute. Plaintiffs merely filed a pleading containing sweeping, disjointed, incomprehensible language designed to broadly tar all named defendants without providing the specific pleading requirements mandated by the statute or Fed.R.Civ.P. 8(a) and 9(b).

8.     Accordingly, I respectfully submit that this action against Gennet, Kallmann, Antin & Robinson, P.C., Stanley Kallmann, Brian J. Bolan and Atlantic Mutual Insurance Company be dismissed.


_____
STANLEY W. KALLMANN, ESQ.

Dated: New York, New York
       March 21, 2008

# EXHIBIT T

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| DAVID GORDON and JACQUELINE SWISKEY, | : |
| Plaintiffs, | : Case Number: 07-CV-6624 (PKC) |
|  | : **AFFIDAVIT OF** |
|  | **MERRELES O. SCHUMANN** |
| vs. | : |

BRIAN PALUMBO, NILES WELIKSON, HORING          :
WELIKSON & ROSEN, P.C., CAROLE A. FEIL,
as Executors of the Estate of LOUIS FEIL, CAROLE A.    :
FEIL and JEFFREY FEIL, d/b/a CLERMONT YORK
ASSOCIATES and BROADWALL MANAGEMENT       :
CORPORATION, ANDREW RATTNER, VIVIAN
TOULIATOS, ABERILL, JOSE ANTONIO (a/k/a TONY) :
RUIZ, CARLOS GUEVARA, CARL LIEBERMAN,
NANCY S. LIEBERMAN (a/k/a NANCY S. LITTMAN),  :
BRETT LIEBERMAN, JAY ANDERSON and JAY
ANDERSON, as Trustee of THE FEIL FOUNDATION,   :
ALAN ROSENBLOOM, NICOLE L. GOZ, BERNARD J.
GOZ, BELLA M. GOZ (a/k/a BELLA M. MEIKSON),       :
STANLEY KALLMANN, BRIAN J. BOLAN, GENNET
KALLMANN ANTIN & ROBINSON, P.C., AMERICAN  :
INTERNATIONAL GROUP and ATLANTIC MUTUAL
INSURANCE COMPANY,                                                    :

                                        Defendants.          :

---

| | |
|---|---|
| State of New Jersey  ) | |
|                          )          ss: | |
| County of Middlesex ) | |

     MERRELES O. SCHUMANN states under penalty of perjury that the following

is true and correct:

     1.     I am the Assistant Vice President of Claims for  defendant Atlantic Mutual

Insurance Company.   I am the currently assigned to the claim made against Atlantic Mutual by

plaintiffs David Gordon and Jacqueline Swiskey.

2.    I make this affidavit from my personal knowledge, and from a review of the file pertaining to the claim of Plaintiffs.

4.    Atlantic Mutual Insurance Company is a insurer engaged in the business of insurance in many jurisdictions, including in the State of New York.

5.    The present action by plaintiffs David Gordon and Jacqueline Swiskey alleges violations of the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*; and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, in addition to alleged unspecified claims governed by state law.

6.    Though it is not specifically plead, the poorly drafted amended complaint may be seeking relief against Atlantic Mutual for violations of the Fair Housing Act and the Americans with Disabilities Act. Atlantic Mutual Insurance Company never had ownership of, interest in, or control over the building containing plaintiffs' apartment at 444 East 82nd Street, New York, New York.

7.    Accordingly, I respectfully submit that, since ownership by Atlantic Mutual has not been alleged in the amended complaint, and since Atlantic Mutual has and had no ownership of, interest in or control over the subject building, the plaintiffs can not maintain an action against Atlantic Mutual Insurance Company for violations of the Fair Housing Act and the Americans with Disabilities Act, and same should be dismissed.

By: _____

Merreles O. Schumann

Sworn to before me this
21st day of March, 2008

_____
Notary Public

KATHLEEN CLARE
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 8/22/2010

# EXHIBIT U

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE TERM, FIRST DEPARTMENT
---------------------------------------------------------------------X
DAVID GORDON,                                            Index No.: 39TSN/99
                           Plaintiff/Appellant,          Civil Court-New York County


                                                         **NOTICE OF MOTION**


            - against -

CHARLES BRINKMAN, CHARLES J. REILLY, JR.,
ARNOLD EISENBERG, DEBRA BALDWIN, JOHN
PULLARA, EDWARD R. REILLY & CO., INC.,
LONG ISLAND CARPET CLEANERS, INC.,
HERBERT L. JAMISON & CO., CENTENNIAL
INSURANCE COMPANY and ATLANTIC MUTUAL
INSURANCE COMPANY,

                           Defendants/Respondents.
---------------------------------------------------------------------X


        PLEASE TAKE NOTICE that upon the annexed Affirmation of Brian J. Bolan, Esq., dated

August 13, 2007, and the exhibits attached thereto, and upon all of the pleadings and proceedings

had herein, the defendants/respondents, CENTENNIAL INSURANCE COMPANY and ATLANTIC

MUTUAL INSURANCE COMPANY, will move this Court at the Courthouse located at 60 Centre

Street, New York, New York, Room 401, on the 4th day of September, 2007, at 9:30 a.m. in the

forenoon of that day or soon thereafter as counsel can be heard, for an Order dismissing the appeal

of plaintiff/appellant for failing to perfect this appeal within the time provided by the Court's Rules;

and granting such other, different and further relief as this Court may deem just and proper.

Dated: New York, New York
      August 13, 2007

                Yours, etc.

                GENNET, KALLMANN, ANTIN & ROBINSON, PC
                Attorneys for Centennial Insurance
                Company, Atlantic Mutual Insurance Company
                45 Broadway Atrium-Litman Suite
                New York, NY 10006
                (212) 406-1919
                File No. 98-4150:118/40-B

                By:                            
                        BRIAN J. BOLAN, ESQ.

TO:

David Gordon
Plaintiff Pro Se
444 East 82nd Street
New York, New York 10028

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE TERM, FIRST DEPARTMENT
-------------------------------------------------------------------X
DAVID GORDON,

                        Plaintiff/Appellant,

        - against -

CHARLES BRINKMAN, CHARLES J. REILLY, JR.,
ARNOLD EISENBERG, DEBRA BALDWIN, JOHN
PULLARA, EDWARD R. REILLY & CO., INC.,
LONG ISLAND CARPET CLEANERS, INC.,
HERBERT L. JAMISON & CO., CENTENNIAL
INSURANCE COMPANY and ATLANTIC MUTUAL
INSURANCE COMPANY,

                        Defendants/Respondents.
-------------------------------------------------------------------X

Index No.:
Civil Court-New York County
39TSN/99

**AFFIRMATION IN SUPPORT
OF MOTION TO DISMISS
THE APPEAL**

      Brian J. Bolan, an attorney duly admitted to practice before the courts of this State, affirms

the following under the penalties of perjury:

      1.      I am an associate with the law firm of Gennet, Kallmann, Antin & Robinson, PC,

attorneys for defendants/respondents, CENTENNIAL INSURANCE COMPANY and ATLANTIC

MUTUAL INSURANCE COMPANY (hereinafter referred to as the "Atlantic Mutual Defendants"),

in connection with the above matter and as such I am fully familiar with the facts and circumstances

set forth herein.

      2.      This Affirmation is submitted in support of the within motion for an Order dismissing

the plaintiff/appellant's appeal for failure to perfect within the time prescribed by the Court's Rules;

and granting such other, different and further relief as this Court may deem just and proper.

      3.      This is an action by the plaintiff Pro Se  to recover benefits under a homeowner's

insurance policy for alleged water damage to a carpet that occurred on January 22, 1995.

Defendant, Atlantic Mutual Insurance Company, denied plaintiff's claim. The present action ensued.

4.      This action was commenced on or about November 5, 1997, when plaintiff purchased the index number in Supreme Court, New York County, and filed the Summons with the New York County clerk. During the litigation, this case was the subject of substantial motion practice relating to plaintiff's continuing refusal to comply with defendants' legitimate discovery demands.

5.      After completing discovery, the Atlantic Mutual Defendants moved for summary judgment seeking an order dismissing the complaint base upon the terms and conditions of the insurance policy.

6.      This application was heard on oral argument before Judge Geoffrey D. Wright on March 14, 2007.   Thereafter, by Decision and Order dated March 26, 2007, the Court, granted summary judgment to the Atlantic Mutual Defendants and dismissed plaintiff's complaint. A copy of this Decision and Order, with Notice of Entry is attached hereto as Exhibit "A".

7.      Plaintiff/appellant filed a Notice of Appeal with the Civil Court Clerk's Office on or about May 10, 2007. An unfiled copy of the Notice of Appeal is attached hereto as Exhibit "B".

8.      After filing said Notice of Appeal, plaintiff/appellant took no further steps to perfect his appeal and, as a result, we respectfully request that the Court find that plaintiff/appellant has failed to perfect his appeal in connection with this matter and dismiss the appeal with prejudice.

9.      Section 640.6(a) of the Rules of Practice for this Court requires an appellant to procure the Clerk's return and file it within thirty days after filing the Notice of Appeal.  The thirty-day deadline for plaintiff/appellant to file the Clerk's return in connection with this appeal expired on or about June 11, 2007.  On August 13, 2007, the undersigned made a telephone call to the Appeals Clerk at the New York County Civil Court and confirmed that, to date, a Clerk's return has not been issued for this appeal.

10.    In light of the foregoing, this Court should conclude that plaintiff/appellant has failed to perfect his appeal in connection with this matter within the time permitted under the Court Rules, and dismiss the appeal with prejudice.

WHEREFORE, we respectfully request that this Court grant the instant motion in its entirety, as well as such other, different and further relief as the Court may deem just and proper.

Dated: August 13, 2007

BRIAN J. BOLAN

## AFFIRMATION OF SERVICE

Brian J. Bolan, an attorney admitted to practice before the courts of the State of New York hereby affirms the truth of the following under the penalties of perjury:

That on August 13, 2007, I served a true copy of the annexed Notice of Motion and Affirmation in Support thereof by placing same in a sealed envelope with postage prepaid thereon in a post office or official depository of the United States Postal Service for delivery by First Class Mail, and by placing a second copy of said Notice of Motion in a sealed envelope with postage prepaid thereon in a Post Office or official depository of the United States Postal Service for delivery by Certified Mail Return Receipt Requested. Said envelopes were addressed to the last known address of the addressees set forth below:

David Gordon
Plaintiff Pro Se
444 East 82nd Street Apt. 34B
New York, New York 10028

BRIAN J. BOLAN

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002          See Reverse for Instructions

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE TERM : FIRST DEPARTMENT

DAVID GORDON,

Plaintiff,

- against -

CHARLES BRINKMAN, CHARLES J. REILLY, JR.,
ARNOLD EISENBERG, DEBRA BALDWIN, JOHN PULLARA,
EDWARD R. REILLY & CO., INC.,et als.,

Defendants.

## NOTICE OF MOTION

**GENNET, KALLMANN, ANTIN & ROBINSON, P.C.**

*Attorneys for*        Defendants- Atlantic Mutual

LITMAN SUITE
45 BROADWAY ATRIUM
NEW YORK, NEW YORK 10006
(212) 406-1919

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: .............................        Signature ...........................................

08/13/07        Print Signer's Name............................................

*Service of a copy of the within*        BRIAN J. BOLAN, ESQ*is hereby admitted.*
Dated:

..........................................................
*Attorney(s) for*

PLEASE TAKE NOTICE

☐
NOTICE OF
ENTRY        *that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on*        20

☐
NOTICE OF
SETTLEMENT        *that an Order of which the within is a true copy will be presented for settlement to the
Hon.        , one of the judges of the within-named Court,
at
on        20        , at        M.*

Dated:

**GENNET, KALLMANN, ANTIN & ROBINSON, P.C.**
*Attorneys for*

To:

LITMAN SUITE
45 BROADWAY ATRIUM
NEW YORK, NEW YORK 10006

*Attorney(s) for*