UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID GORDON and JACQUELINE SWISKEY, :

               Plaintiffs,   : Case Number: 07-CV-6624 (PKC)

  :

vs.   :

BRIAN PALUMBO, NILES WELIKSON, HORING   :
WELIKSON & ROSEN, P.C., CAROLE A. FEIL,
as Executors of the Estate of LOUIS FEIL, CAROLE A.   :
FEIL and JEFFREY FEIL, d/b/a CLERMONT YORK
ASSOCIATES and BROADWALL MANAGEMENT   :
CORPORATION, ANDREW RATTNER, VIVIAN
TOULIATOS, ABERILL, JOSE ANTONIO (a/k/a TONY) :
RUIZ, CARLOS GUEVARA, CARL LIEBERMAN,
NANCY S. LIEBERMAN (a/k/a NANCY S. LITTMAN),   :
BRETT LIEBERMAN, JAY ANDERSON and JAY
ANDERSON, as Trustee of THE FEIL FOUNDATION,   :
ALAN ROSENBLOOM, NICOLE L. GOZ, BERNARD J.
GOZ, BELLA M. GOZ (a/k/a BELLA M. MEIKSON),   :
STANLEY KALLMANN, BRIAN J. BOLAN, GENNET
KALLMANN ANTIN & ROBINSON, P.C., AMERICAN   :
INTERNATIONAL GROUP and ATLANTIC MUTUAL
INSURANCE COMPANY,   :

  :

               Defendants.   :

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
STANLEY KALLMANN, BRIAN J. BOLAN, GENNET, KALLMANN
ANTIN & ROBINSON, P.C. AND ATLANTIC MUTUAL INSURANCE
COMPANY'S MOTION TO DISMISS THE AMENDED COMPLAINT**

---

GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
Attorneys for Defendants Stanley Kallmann, Brian J. Bolan,
Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic
Mutual Insurance Company

This Memorandum of Law is submitted in support of the motion of defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company for an Order pursuant to F.R.C.P. Rule 12(b)(6), dismissing the amended complaint against the defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company for failure to state a claim upon which relief can be granted.

## THE AMENDED COMPLAINT

By this action, the plaintiffs, *pro se*, filed an amended complaint seeking to recover damages from twenty-six defendants seeking damages in excess of $2,000,000,000. The amended complaint itself is a sprawling fifty pages encompassing in excess of fifty-one paragraphs of allegations and relief sought. A copy of the Amended Complaint is attached as Exhibit "A" to the Declaration of Brian J. Bolan, Esq., dated March 21, 2008, submitted herewith.

The plaintiffs endeavor to aver claims pursuant to three Federal statutes: the Racketeer Influence and Corrupt Organizations Act ("RICO"), the Fair Housing Act ("FHA"), and the Americans with Disabilities Act ("ADA"). The amended complaint also mentions common law torts and statutory violations under New York law and request that this Court exercise supplemental jurisdiction over such state law claims.

Defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company are identified in the Seventh Cause of Action, which makes reference to "racketeering behavior". (Amended Complaint, pg. 33, ¶ 39). It appears that paragraph 40 of the amended complaint references Stanley Kallmann, an attorney and member of Gennet, Kallmann, Antin & Robinson, Brian J. Bolan, as associate with Gennet, Kallmann, Antin & Robinson, and Atlantic Mutual Insurance Company and allges these persons and entities entered into a "concealed unlawful agreement with American International Group to unlawfully deny David

Gordon any insurance benefits under his. . . policy". Paragraph 40 of the amended complaint goes on to allege some connection, though not specifically delineated, that the Feil Organization defendants had with Stanley Kallmann, Brian Bolan, Gennet, Kallmann, Antin & Robinson and Atlantic Mutual Insurance Company regarding David Gordon's first-party insurance litigation which was pending in the Civil Court, New York.

## THE STANDARD UNDER F.R.C.P. RULE 12(B)(6)

As this Court, and many others, have outlined in weighing a motion pursuant to Rule 12(b)(6), the court must "accept as true the factual allegations in the complaint and draw all inferences in the movant's favor." Scutti Enters., LLC v. Park Place Entm't Corp., 322 F.3d 211, 214 (2d. Cir. 2003) "The factual allegations must be enough to raise a right to relief above speculative level, on the assumption that all of the complaint's allegations are true (even if doubtful in fact)". Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007). In evaluating a motion to dismiss pursuant to 12(B)(6), courts "are not bound to accept as true legal conclusions couched as a factual allegation and Twombly, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265 (1989).

The sole cause of action directed against the moving defendants is in the Seventh Cause of Action which appears to contend that Gennet, Kallmann, Antin & Robinson, Brian Bolan, Stanley Kallmann and Atlantic Mutual Insurance Company were "utilized" by the Feil Organization to "enter into the concealed, unlawful agreement with American International Group discussed above to unlawfully deny David Gordon any insurance benefits under his expensive, 1995 replacement cost insurance policy, after the Feil's flooded his apartment 34B in January 1995"... There is a further allegation that Stanley Kallmann, Brian Bolan and Gennet, Kallmann, Antin & Robinson have "joined the Feil Organization defendants in their ongoing torture campaign of plaintiffs..." (Amended Complaint, pg. 36) and that Brian J. Bolan submitted a "CONCEALMENT FRAUD

AFFIRMATION" to the New York State Supreme Court's First Appellate Appellate Term seeking "to extinguish with prejudice" David Gordon's appeal of a wildly improper March 26, 2007 dated Decision and Order of David Gordon's above-referenced 1997 file New York Court flood insurance case against Atlantic Mutual Insurance Company..." The Seventh Cause of Action does not reference RICO or 18 USC 1961, et seq.

The allegations of "racketeering behavior" in paragraph 39 of the amended complaint speaks only to the "Feil Organization" which does not encompass defendants Brian Bolan, Stanley Kallmann, Gennet, Kallmann, Antin & Robinson and Atlantic Mutual Insurance Company, as per plaintiffs' own amended complaint.

On a motion to dismiss, a court does not accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F3d 763 (2d Cir. 1994). This principle applies with even greater force in a fraud case governed by the more stringent pleading requirements of Federal Rules Civil Procedure 9(b), which provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to comply with Rule 9(b), the complaint must (1) specify the statements that the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. Lerner v. Fleet Bank, N.A., 459 F.3d 273 (2d Cir. 2006), citing Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir. 1993). It has long been established in this circuit that the particularity requirements of Federal Rule Civil Procedure 9(b) are applicable to RICO claims where, as here, such claims are based on mail fraud under 18 U.S.C. § 1341 or wire fraud under 18 U.S.C. § 1343. Powers v. British Vita, P.L.C., 57 F.3d 176 (2d Cir. 1995); McCoy v. Goldberg, 748 F.Supp. 146, 156 (S.D.N.Y. 1990). Also, because the mere assertion of a civil RICO claim "has an almost inevitable stigmatizing effect on those named as

defendants, courts should strive to flush out frivolous RICO allegations at an early stage of litigation." Figuero Ruiz v. Algeria, 896 F.2d 645, 650 (1st Cir. 1990); Accord Cedar Swamp Holdings Inc. v. Zaman, 487 F.Supp.2d 444 (S.D. 2007) Thus, courts must attempt to distinguish between claims consistent with Congress' intentions of passing RICO "protecting legitimate businesses from infiltration by organized crime." United States v. Porcelli, 865 F.2d 1352, 1362 (2d Cir.) cert denied 493 U.S. 810 (1989) and traditional state court actions "cast in terms of RICO violations" simply to "gain access to treble damages and attorneys fees in Federal Court." Feirstein v. Nanbar Realty Corp., 963 F.Supp. 254, 257 (S.D.N.Y. 1997); Jerome M. Sobel & Co. v. Fleck, 2003 Westlaw 22839799 at 3 S.D. December 2003.

**THE AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER RICO**

In establishing a civil RICO claim under 18 U.S.C. § 1964, a plaintiff must show (1) a violation of the RICO statute, 18 U.S.C. § 1962); (2) an injury to business or property; and (3) that the injury was caused by a violation of 18 U.S.C. § 1962.

In establishing a violation of § 1962, the plaintiff must prove "a pattern of racketeering activity" 18 U.S.C. § 1962. Racketeering activity includes the commission of specified state law crimes, conduct indictable under various provisions within Title 18 of the United States Code, including mail and wire fraud, and certain other Federal offenses. 18 U.S.C. § 1961(1). In order to prove a pattern, at least two related predicate acts must be shown, the last of which must have occurred within ten years of a prior act of racketeering activity. 18 U.S.C. § 1961(5). In order to establish a violation of 18 U.S.C. § 1962(C), a plaintiff must demonstrate "(1) conduct, (2) of an enterprise, (3) through a pattern, of racketeering activity. A violation of 18 U.S.C. § 1962(C) requires that a defendant, through the commission of two or more acts constituting a pattern of racketeering activity, directly or indirectly participated in an enterprise, the activities which effected

interstate or foreign commerce.

The Seventh Cause of Action includes a reference to "deceptive acts" involving these moving defendants and no allegation that the activity was criminal in nature. It also includes an allegation of "wire and mail activity" involving these moving defendants and no allegation that the activity was criminal.

The Seventh Cause of Action also makes reference to documents submitted to the court in connection with the New York State Court action. The plaintiffs' state that an affirmation submitted by Brian J. Bolan was a "CONCEALMENT FRAUD AFFIRMATION", and that said submission was designed to "harass David Gordon" and "interfere with and thwart this instant 07 CV 6624 Federal action", and that the affirmation was "fraudulent, wanton, willful and malicious..." (Amended Complaint, pg 37). However, the amended complaint does not allege that the activity was criminal in nature. There is also no allegation that Atlantic Mutual engaged in any activity which would result in a violation of RICO.

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE FAIR HOUSING ACT.

The Eighth Cause of Action is asserted against the Feil Organization as an owner of the plaintiffs' apartment building at 44 East 82nd Street, New York, New York, and that the Feil Organization committed certain acts in violation of the Fair Housing Act. The amended complaint avers allegations relating to breach of covenant of quiet enjoyment, a duty of good faith and warranty of habitability. To assert a cause of action under the Fair Housing Act, 28 U.S.C. § 360, plaintiffs must allege that these answering defendants had ownership of, an interest in, or control over the plaintiffs' apartment which allowed these moving defendants to make determinations affecting the quiet enjoyment of plaintiffs' premises, such as repairs. The amended complaint never avers that

these answering defendants had such an interest in the subject property and were thus able to engage in activities affecting the plaintiffs that could give rise to violations of the Fair Housing Act.

The Declaration of Brian J. Bolan, Esq., submitted in support of this motion states that he did not have ownership of, interest in, or control over the building containing plaintiffs' apartment at 444 East 82nd Street, New York, New York. The Declaration of Stanley Kallmann, Esq., submitted in support of the within motion, states that neither he nor Gennet Kallmann Antin & Robinson ever had ownership of, interest in, or control over the building containing plaintiffs' apartment at 444 East 82nd Street, New York, New York. The Affidavit of Merreles O. Schumann, submitted on behalf of Atlantic Mutual in support of this motion, states that Atlantic Mutual never had ownership of, interest in, or control over the building containing plaintiffs' apartment at 444 East 82nd Street, New York, New York. Thus, a claim against these defendants under the Fair Housing Act is not cognizable.

## THE AMENDED COMPLAINT DOES NOT STATE A CLAIM UNDER THE AMERICANS WITH DISABILITIES ACT.

Under the ADA, a disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of an individual" and "42 U.S.C. § 102, 12(2)(A)". Physical impairment alone is not enough, it must substantially limit the ability of the individual's ability to engage in activity. Plaintiffs have failed to alleged disabilities that would allow them to invoke the ADA.

The Americans with Disabilities Act was designed to prescribe accessibility and other standards for certain types of facilities and separate policies and procedures for enforcement. It does not afford a private right of action for damages and sets forth procedures for preventive relief only. 42 U.S.C. § 12(1)(A)(8). See also, § 200(A-3). Plaintiffs make no allegation that they have been

denied accessibility to "goods, services, facilities, privileges, advantages or accommodations" and that injunctive relief is required to remedy purported ADA violations.

Again, the amended complaint makes no allegations that the moving defendants had the ownership or the control over the subject premises necessary to support a claim that moving defendants violated the ADA.

## CONCLUSION

WHEREFORE, defendants Stanley Kallmann, Brian J. Bolan, Gennet, Kallmann, Antin & Robinson, P.C. and Atlantic Mutual Insurance Company respectfully request that their motion to dismiss the Amended Complaint be granted in its entirety.

> GENNET, KALLMANN, ANTIN & ROBINSON, P.C.
> Attorneys for Defendants Stanley Kallmann, Brian J. Bolan,
> Gennet, Kallmann, Antin & Robinson, P.C. and
> Atlantic Mutual Insurance Company
> 45 Broadway Atrium, Litman Suite
> New York, NY 10006
> (212) 406-1919
> Our File No. 98-4150:118.0040-B
>
>
> BY: S/ BRIAN J. BOLAN
>       BRIAN J. BOLAN, ESQ.

DATED: March 21, 2008